——————— MINDLIN, Plaintiff, *v.* ——————— GRISSMAN and Another, Defendants.

Supreme Court, New York County, June 23, 1930.

*M. Hilquit* [*Chas. M. Joseph* of counsel], for the plaintiff.

*Lowe & Obstfeld* [*Harold Korzenik* of counsel], for the defendants.

INGRAHAM, J. This is an action in equity for an accounting. Plaintiff in his complaint alleges that the defendants conspired to and did, by fraud and misrepresentation, induce him to part with shares owned by him in the Yarns Corporation of America for a

price below their actual value. He claims that, were it not for such fraud, misrepresentation and conspiracy, he would not have sold his stock for so low a price. The present motion is to strike out the first and third separate and distinct defenses set up by the defendants in their amended answer. Both defenses to which objection is here made are pleaded in bar, and both attempt to set forth facts showing that plaintiff may not avail himself of the equitable jurisdiction of this court because he in his dealings with the defendants has failed to conform with the requirements of the maxim: " He who seeks equity must come into court with clean hands." The gist of the first defense is that the plaintiff prior to September 25, 1928, entered into an agreement with another corporation to obtain the sale to such corporation of some 18,000 shares of convertible non-voting class A stock of the Yarns Corporation, in return for which plaintiff was to receive for himself 1,000 shares of such stock; that by such agreement the plaintiff, as an officer and director of the Yarns Corporation, violated his fiduciary duty to the stockholders, including defendant Grissman; that Grissman, learning of the said agreement, offered to buy out plaintiff's holdings, which offer the plaintiff accepted, thus bringing about the very transaction which the plaintiff sets up as the foundation for the present action. The third defense alleges that about February 14, 1928, the plaintiff, the Yarns Corporation, defendant Grissman, one Herman Aibel, and other officers and employees of the corporation agreed that the plaintiff and said Herman Aibel would not for a period of two years employ or be employed in any business with any person then or thereafter an officer or employee of the Yarns Corporation, and that thereafter and prior to the commencement of the present action the plaintiff and Herman Aibel, in violation of said agreement, became associated in the business of jobbing and converting rayon yarns in competition with the Yarns Corporation, with the result that the Yarns Corporation and defendant Grissman as a stockholder therein suffered great loss. The doctrine which defendants seek to bring to their aid to bar a recovery by the plaintiff in this action has no application to the state of facts presented by the objectionable defenses. Assuming the facts pleaded in the answer to be true, it is apparent that the alleged misdeeds of the plaintiff were not committed in connection with the particular transaction or matter in respect to which this suit has been brought. The agreement set up in the first defense had for its subject-matter other shares of stock than those with which plaintiff alleged he was induced to part by reason of the fraud, misrepresentation and conspiracy of the defendants. The agreement to which defendants refer in their third defense is in no way a part of, or connected with, the facts upon which the plaintiff predicates his action.

It is settled beyond successful dispute that, before the status of a party can be affected before an equity tribunal, his misconduct must have occurred in the particular matter or transaction by reason of which redress is sought. It must be evil practice or wrong conduct in the particular matter or transaction in respect to which judicial protection or redress is sought. (Pom. Eq. Juris. [4th ed.] § 399.) It is only with reference to the plaintiff's cause of action that this maxim applies. (*West* v. *Washburn*, 153 App. Div. 460.) The maxim does not require that the plaintiff be a clean person or even that he be a person of good character, but it means that his actions with respect to the particular transaction under consideration must not have been such that the conscience of the court revolts at granting the relief sought. (*Buszozak* v. *Wolo*, 125 Misc. 546.) Courts of equity protect the rights even of rogues, provided that roguery has not extended to the transaction before the court. The case of *Bayer* v. *Bayer* (215 App. Div. 454), cited by the defendants, affirms this rule. Defendants' first affirmative defense relates to an entirely different transaction involving different parties, different dates and different stock from those with which plaintiff's claim concerns itself. Defendants' third affirmative defense bears not the remotest relationship to the subject-matter of plaintiff's suit. These defenses must be stricken out.

The motion is accordingly granted, and leave is extended to defendants to serve an amended answer in conformity with the foregoing within twenty days after service of a copy of the order herein, with notice of entry.