*929
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division appealed from and the prior order of that court brought up for review on defendant’s cross appeal should be affirmed, without costs.
 

 Notwithstanding what is claimed to have been the unchallenged assertion of plaintiff’s counsel at the opening of trial that overhead expenses were not to be deducted in the computations as to division of profits between these former law partners, the trial court determined that there should be “an equal division of net profits” on fees received since September 1,1975. Inasmuch as this factual determination with respect to their agreement was affirmed at the Appellate Division and there is evidence in the record to support it, that finding is beyond the scope of our review. The evidence in the record subsequently introduced before the referee, submitted almost wholly by defendant De Marco, is sufficient to sustain a finding as to the amount of overhead to be taken into account in the computation of “net profits”, and the determination of the Appellate Division with respect to such amount comports with the weight of the evidence.
 

 Although it is not beyond the power of our courts in any case to deny judicial relief to a litigant who comes into court with unclean hands, we perceive no warrant in the circumstances of this case to relieve defendant De Marco of his stipulation at the opening of trial which, as the courts below have found, delimited the scope of issues to be determined to exclude consideration of any defense based on unclean hands principles. Particularly is this so where the defense was not pleaded, the evidence now urged to support it was expressly offered for the purposes of impeachment only, and the defense was first raised on defendant’s motion to dismiss at the close of his case. The parties charted their own course, and defendant offers no sufficient reason now to permit him radically to change that course (cf.
 
 Salesian Soc. v Village of Ellenville,
 
 41 NY2d 521, 525-526 [municipality not relieved of stipulation waiving statutory right to notice of claim]).
 

 Finally, there is no merit to the assertion that provisions of the Code of Professional Responsibility preclude giving
 
 *930
 
 effect to what the courts below have found was the agreement of the parties with respect to the division of fees received on matters pending at the time of dissolution of the partnership (Code of Professional Responsibility, DR 2-107 [B]).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Order appealed from and prior order of the Appellate Division brought up for review on defendant’s cross appeal affirmed, without costs, in a memorandum. Question certified not answered as unnecessary.