■ ESTATE OF HELEN M. VENGROSKI, Deceased, by JOSEPH VENGROSKI, as Executor, Appellant-Respondent, v GARDEN INN, Respondent-Appellant.—In an action to recover a debt, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated May 24, 1984, as, upon defendant's motion, *inter alia,* for summary judgment dismissing the complaint, granted partial summary judgment dismissing a portion of plaintiff's claim as barred by the Statute of Limitations, and the defendant cross-appeals, as limited by its notice of appeal and brief, from so much of the same order as failed to grant summary judgment dismissing the complaint in its entirety.

Order reversed, insofar as appealed from by plaintiff, on the law, with costs to plaintiff, and motion denied in its entirety.

Plaintiff's decedent was the bookkeeper for the defendant partnership between the years of 1970 and 1980. During that period, she wrote checks to her order, apparently in remuneration for her services. These checks were never cashed, but were carried on the partnership books and tax returns as loans owed to the decedent. Decedent died on April 10, 1980. Following her death, the partnership's accountant, who is not a party to this action, was deposed by defendant's attorney. The accountant produced copies of the partnership's tax returns and general ledger. The tax returns for the calendar years ending 1975 and 1976 reflected that the amount of $10,150 was owed by the partnership to decedent, while the 1980 return showed $17,200 as being owed to decedent.

The accountant testified that several months prior to dece-

dent's death, the two held a conversation wherein he was told "to ignore what's on the books, to get rid of it". He removed the debt from the general ledger at the closing of the books on December 31, 1981, more than 1½ years after decedent's death. The partnership tax return for that year reflected no debt owed to decedent.

The partnership moved, *inter alia,* for summary judgment on the ground that decedent had waived her claim to the debt. In the alternative, it moved to dismiss that part of the claim which it contends accrued more than six years prior to June 24, 1982, the date the action was commenced. Special Term granted partial summary judgment as to the $10,150 debt reflected on the 1975 tax return on the ground that recovery on the checks issued before June 24, 1976 was barred by the Statute of Limitations *(see,* UCC 3-108, 3-122; CPLR 206, 213), but it declined to grant summary judgment as to the remainder of the plaintiff's claim on the ground that triable issues of fact existed with respect thereto.

On appeal, plaintiff argues that the reporting of the entire debt on the 1980 tax return was a written acknowledgement sufficient to take the action out of the operation of the Statute of Limitations *(see,* General Obligations Law § 17-101). Under all of the circumstances, whether it was or not requires a trial to resolve.

A writing, in order to constitute an acknowledgement of a debt, must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it *(see, e.g., Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521).* Whether a purported acknowledgement is sufficient to restart the running of a period of limitations depends on the circumstances of the individual case *(see, In re Meyrowitz,* 114 NYS2d 541, *affd* 284 App Div 801, *lv denied* 284 App Div 844).* In determining ·an acknowledgement's effectiveness "there is no occasion for resorting to any subtle or refined distinctions contrary to ordinary business understanding and rules of common sense" *(Curtiss-Wright Corp. v Intercontinent Corp.,* 277 App Div 13, 17).

However, the mere fact that the debt was carried on defendant's books and tax returns would not, in and of itself, constitute the required acknowledgement. The critical determination is whether the acknowledgement imports an intention to pay *(see, Curtiss-Wright Corp. v Intercontinent Corp., supra).*

At bar, decedent, as bookkeeper of the partnership, was

aware that the debt was being carried on the partnership records and may have relied on these entries as evidence of the partnership's continuing debt to her. At the least, the partnership's intent in carrying and reporting this debt is a question of fact to be decided by a jury.

Finally, we agree with Special Term's finding that triable issues of fact exist, and, accordingly, the branch of defendant's motion which was for summary judgment should have been denied in its entirety. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.