■ VIVIAN LANDAU et al., Respondents, v ARTHUR SALZMAN, Appellant.—In an action to recover damages for dental malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 29, 1986, as denied his motion for partial summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion which were for partial summary judgment dismissing the claims for malpractice allegedly occurring more than three years prior to the commencement of the action, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The defendant's documentary and other proof demonstrates his entitlement to summary judgment dismissing certain of the plaintiffs' claims as time barred (see, CPLR 214). It then became the plaintiffs' burden to demonstrate by admissible evidence that a factual issue existed (see, Zuckerman v City of New York, 49 NY2d 557). We find that the continuous treatment doctrine does not apply in this matter as the plaintiff Vivian Landau's visits to the defendant were merely for routine dental examinations (see, Borgia v City of New York, 12 NY2d 151). Therefore, CPLR 214 requires that those acts of malpractice alleged to have been committed more than three years prior to the commencement of this action must be dismissed as time barred.

We also note that the plaintiffs' opposition to the motion for partial summary judgment was insufficient as there was no affidavit by a person with knowledge of the facts, merely the plaintiff's attorneys' affirmation (see, CPLR 3212 [b]; Zuckerman v City of New York, supra). Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.