■ DANIEL FLYNN, Respondent, v PATRICK CARONE et al., Defendants, and MURRY COHEN, Appellant.—In an action to recover damages for personal injuries, the defendant Murray Cohen, sued herein as Murry Cohen, appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated April 6, 1987, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him, as barred by the Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the action as against the remaining defendants is severed.

The defendant Cohen alleged in his affidavit in support of the motion for summary judgment that review of his medical records revealed the last date of his treatment of the plaintiff to be July 6, 1981, which was more than two years and six months prior to the service of the plaintiff's summons and complaint upon him on March 23, 1984. Dr. Cohen established prima facie his entitlement to judgment as a matter of law on the ground that the plaintiff's claim against him was time barred *(see,* CPLR 214-a). It then became the plaintiff's burden

to demonstrate that a factual issue existed *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968; *Landau v Salzman,* 129 AD2d 774). In his opposing affidavit, the plaintiff does not dispute the dates of Dr. Cohen's treatment of him nor does he allege facts sufficient to establish an exception to the applicable Statute of Limitations *(see,* CPLR 214-a). Therefore, no material issue of fact exists and summary judgment dismissing the complaint insofar as it is asserted against the appellant should have been granted. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.