■ GEORGE MEHLMAN et al., Appellants, v JACK AVRECH et al., Respondents.—In an action for the dissolution of a partnership and an accounting of partnership assets, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Hurowitz, J.), entered July 23, 1987, which, after a nonjury trial, dismissed their complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the plaintiffs' demand for an accounting; as so modified the judgment is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The plaintiff George Mehlman and the defendant Philip Wolitzer are two of the founding general partners of Kings Barry Co., a limited partnership formed in 1965 for the acquisition of certain real property in Brooklyn, New York. It is uncontroverted that this real property, the only asset of the partnership, was sold on June 4, 1981. After closing expenses were deducted from the proceeds of the sale, some $6,000 was distributed to the partners and limited partner of Kings Barry Co., while Wolitzer credited himself with approximately $54,000 by offsetting certain accounts receivable due the partnership with accounts payable owed to himself and Mehlman. At the trial of this action Wolitzer testified that he was entitled to credit his own account with these funds rather than a joint account maintained by Mehlman and himself because at some unspecified time in the past, Mehlman had overdrawn the joint account by about $2 million. The Supreme Court dismissed the complaint at the close of testimony, observing that "[e]quity calls for clean hands, and I don't see any clean hands in this group".

Initially, we find that there is no need to issue a judgment

dissolving the partnership in this case, because pursuant to the partnership agreement of Kings Barry Co., the partnership terminated upon the sale of its only asset on June 4, 1981. A judicial dissolution is warranted where the circumstances are among those set forth in Partnership Law § 63 (*e.g.*, where a partner is incapacitated, or guilty of misconduct, or where circumstances render dissolution equitable), but is inappropriate where none of the specific provisions of Partnership Law § 63 are applicable and there is no dispute concerning the fact or date of dissolution (*see, Carola v Grogan,* 102 AD2d 934). As none of the specific grounds for dissolution set forth in Partnership Law § 63 were established at the trial of this action, and it is undisputed that the partnership terminated pursuant to the terms of the partnership agreement upon the sale of its property on June 4, 1981, a judicial dissolution of the partnership is inappropriate.

With respect to the issue of whether the plaintiffs are entitled to an accounting based upon dissolution of the partnership, we note that while it is not beyond the power of the courts to deny judicial relief to a litigant who comes into court with unclean hands, the doctrine of unclean hands is only applicable when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct (*see, Nishman v De Marco,* 62 NY2d 926; *Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 316; *Dinerstein v Dinerstein,* 32 AD2d 750). The subject matter of this action concerns the distribution of the proceeds from the sale of partnership property in 1981, and there is insufficient evidence in the record before us to establish whether Wolitzer's claim that Mehlman overdrew their joint account at some unspecified time in the past is directly related to the subject matter of this action and harmed Wolitzer.

Therefore, the doctrine of unclean hands does not defeat the plaintiffs' statutory right to an accounting of partnership assets in this case (*see,* Partnership Law § 74). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.