■ BETTE COTUMACCIO, Respondent, v JOSEPH COTUMACCIO, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated January 7, 1983, the defendant husband appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 22, 1989, which denied his motion to compel the sale of the marital residence and awarded the plaintiff counsel fees in the sum of $1,500.

Ordered that the order is modified, on the law, by deleting therefrom the provision which awarded the plaintiff counsel fees; as so modified, the order is affirmed, with costs to the plaintiff.

By stipulation which was ultimately embodied in the judgment of divorce dated January 7, 1983, the parties agreed that the plaintiff would retain exclusive occupancy of the marital residence, "until the son graduates from high school or the wife sooner remarries or cohabits with another male at the marital residence". The stipulation and judgment further provided that upon the happening of either of those events, the marital residence was to be sold, with one-half of the proceeds to be retained by the plaintiff and the other half to be divided equally between the parties' two children and to be used primarily for their education. A little over a year later the defendant transferred his interest in the premises, which, as a consequence of the stipulation and judgment of divorce, was only nominal, to the plaintiff. Thereafter, the plaintiff sold a portion of the property but retained the portion on which the marital residence was situated, and thereby obtained the funds necessary to finance the parties' daughter's college education. In return, the daughter agreed to give her portion of the proceeds of the sale of the marital residence to the plaintiff in the event of such a sale.

The plaintiff remarried in February 1985, and the son graduated from high school in June 1987. However, it was not until September 1988 that the defendant demanded that the plaintiff sell the property. By that time, the plaintiff had already placed a second mortgage on the marital premises, and she and her new husband had made substantial repairs and improvements thereto. Based upon the foregoing, we

conclude that by waiting almost four years to attempt to enforce the stipulation, during which time the plaintiff changed her position to her financial detriment, the defendant is guilty of laches (cf., *Thurmond v Thurmond,* 155 AD2d 527, 529). Accordingly, the defendant's motion to compel the sale of the marital residence was properly denied.

We note, however, that the Supreme Court did err in awarding the plaintiff counsel fees, as the judgment of divorce provides that each party "shall each be responsible for the payment of their individual counsel fees incurred throughout any part of this action". Bracken, J. P., Brown, Rosenblatt and Ritter, JJ., concur.