■ MILLICENT KAYE, Respondent, v RICHARD KAYE, Appel-

---

lant. [610 NYS2d 632] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Nastasi, J.), entered October 18, 1991 in Westchester County, which denied defendant's cross motion for an order compelling the sale of the marital residence.

By the terms of an open court stipulation of settlement, entered into by the parties during their pending divorce action and incorporated but not merged into a judgment of divorce dated October 12, 1984, plaintiff acquired physical custody of the parties' two children, and was to retain exclusive possession of the marital residence until certain specified "triggering events" occurred, at which time the house was to be sold and she was to receive 60% of the proceeds of the sale. One of the triggering events was plaintiff's remarriage.

In August 1988, plaintiff remarried. Defendant claims only to have become aware of this subsequent marriage after it had been terminated by divorce in February 1991; this assertion is disputed by plaintiff. In any event, in May 1991, plaintiff moved for an upward modification in the amount of child support and defendant, relying on the fact that plaintiff had been remarried, cross-moved for an order compelling the sale of the marital home. Both motions were denied and defendant appeals.

Plaintiff, though admitting remarrying, maintains that because she is no longer married, and once again resides in the marital home with the parties' two children and no one else, it would be inequitable to order the home sold at this time. She contends that defendant, by failing to raise the issue while plaintiff's remarriage was still intact, is estopped from doing so now.

The estoppel argument is unavailing, for plaintiff has neither alleged nor proven that she has changed her position in reliance upon defendant's delay or suffered any detriment as a result (see, Thurmond v Thurmond, 155 AD2d 527, 529; cf., Cotumaccio v Cotumaccio, 171 AD2d 723, 724). Nor does the fact that plaintiff's later marriage was eventually terminated have any bearing on defendant's rights under the contract; it is the event of remarriage that the parties stipulated is to have legal effect, and the agreement contains no provision for a revival of plaintiff's right to exclusive possession and control of the marital residence once that right has been extinguished (cf., Gaines v Jacobsen, 308 NY 218, 223; R.L.G. v J.G., 387 A2d 200 [Del]).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion; cross motion granted; and, as so modified, affirmed.