■ JOAN MURPHY, Respondent, v MARTIN MURPHY, Appellant. [622 NYS2d 755] —In an action, *inter alia,* for modification of a separation agreement on the ground of fraud and for an upward modification of child support, the defendant appeals from (1) an amended judgment of the Supreme Court, West-

chester County (Donovan, J.), dated June 11, 1993, which, after a nonjury trial, awarded the plaintiff an additional distributive award of $37,500 plus interest, child support of $100 per week for one child, and arrears of child support and (2) an order of the same court, entered June 16, 1993, which, upon "the affidavit of plaintiff's counsel with respect to requested counsel fees and no opposition having been filed", awarded the plaintiff's counsel $9,500.

Ordered that the amended judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements.

The parties were divorced by judgment entered July 15, 1983, which incorporated the terms of a separation agreement dated May 2, 1983. Before entering into that agreement, the plaintiff had requested tax returns from the defendant and had hired a private investigator to ascertain the defendant's assets. However, the defendant informed her that he had never filed tax returns for the years requested. The plaintiff found she could not afford further services from her private investigator, so she was forced to rely on the defendant's net worth statement. In his net worth statement, the defendant failed to disclose real property owned by his solely-owned corporation, L.M.B. Construction Corp., since 1981; income of approximately $2,500 per month from Basic Drywall Construction Co.; and various stocks.

In October 1989 the plaintiff retained an attorney to seek an increase in child support. As part of the investigation to ascertain the defendant's current income and assets, the plaintiff hired a title insurance company to obtain the deed and mortgage for the defendant's primary residence in New Jersey, which he had purchased jointly with his second wife in 1984 with a down payment of $45,000. The plaintiff's attorney then subpoenaed the defendant's application for a mortgage to purchase the New Jersey home. On the mortgage application, the defendant revealed that his interest in the real property owned by L.M.B. Construction Corp. was valued at $80,000, subject to a mortgage of $33,528, and that his monthly income from Basic Drywall Construction Co. was $2,500.

The instant action, *inter alia,* to modify the separation agreement on the ground of fraud was commenced in January 1990. Thereafter, at an examination before trial, the defendant claimed that the $45,000 down payment on the New

Jersey home came from his second wife since she "had money". However, in a divorce action brought by his second wife in New Jersey, the defendant, in a statement dated September 30, 1992, stated that he "contributed $45,000 of his own funds to purchase [the] property".

After a nonjury trial, the trial court, describing the defendant as an "artful dodger", held that, under the facts of this case, "it would be impossible for me, or anybody who has been in the court system, to determine anything of what Mr. Murphy did, until, at the minimum, '84, probably '89". The trial court awarded the plaintiff an additional distributive award of (1) one-half of the defendant's equity in the real property owned by L.M.B. Construction Corp., using the valuation provided by the defendant on his 1984 mortgage application and (2) $14,500 of the $45,000 down payment on the New Jersey home. The court also increased child support for the one child still living with the plaintiff to $100 per week.

The Statute of Limitations for a cause of action sounding in fraud is six years from the wrong, or two years from the date the fraud could reasonably have been discovered, whichever is later (see, CPLR 203 [f]; 213 [8]; *Matter of Kraus,* 208 AD2d 728; *Emord v Emord,* 193 AD2d 775). The plaintiff, in the exercise of due diligence, could not have discovered the defendant's fraud until October 1989. Indeed, the defendant's misrepresentations persisted after the instant action was commenced, and he did not admit that the $45,000 down payment came from him until 1992. Consequently, the plaintiff's cause of action sounding in fraud is not time barred.

With respect to counsel fees, we note that the defendant filed no opposition to the application of the plaintiff's attorney for counsel fees. No appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511). Consequently, the appeal from the order is dismissed. In any event, we note that the trial court properly limited the award to fees compensable under the Domestic Relations Law.

The defendant's remaining contentions are without merit. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.