■ HARRY SKIADAS, Respondent, v JAMES TEROVOLAS et al., Appellants. [706 NYS2d 138] —In an action to recover money loaned, the defendants appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated October 10, 1998, which, after a nonjury trial, was in favor of the plaintiff and against them in the principal sum of $26,600.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment in favor of the plaintiff and against the defendant in the principal sum of $10,000.

During the period from May 9, 1975, through August 27, 1986, the plaintiff made a series of 10 loans to the defendants to enable the defendant James Terovolas & Associates of Florida to purchase and maintain land in that State. Nine of the loans were made between May 9, 1975, and March 26, 1984, while the tenth was made on August 27, 1986. This action to recover those loans was commenced on August 26, 1992.

Pursuant to CPLR 213, an action to recover money loaned must be commenced within six years of the accrual date unless the statute is tolled. In this case, the accrual dates were the dates upon which the individual loans were made.

Contrary to the plaintiff's contention, the documents it submitted do not constitute acknowledgments which toll the limitations period (*see,* General Obligations Law § 17-101). The mere fact that the debt was carried on the defendants' books and tax returns would not, in and of itself, constitute the required acknowledgment (*see, Estate of Vengroski v Garden Inn,* 114 AD2d 927; *see also, Bernstein v Kaplan,* 67 AD2d 897). Thus the action was untimely commenced as to the nine loans which were made more than six years before the commencement of the action on August 26, 1992.

Accordingly the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment as to the $10,000 loan which was made on August 27, 1986. Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.