■ JOSEPH P. SHELLEY, JR., et al., Appellants, v DIXON EQUITIES et al., Respondents. [752 NYS2d 542] —In an action, inter alia, to recover on a promissory note, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated November 20, 2001, which, upon an order of the same court, entered November 15, 2001, granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action in September 2000 to recover on a May 31, 1989, promissory note and certain other loans that were made in 1990 and 1991. The note and the other loans were due on demand. Payment on the note and the other loans ceased in 1993.

An action to recover on a note is subject to a six-year statute of limitations (*see* CPLR 213 [2]). Further, the statute of limitations on an action to recover on a demand note begins to run upon the date of its execution (*see Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138, 143; *Pomaro v Quality Sheet Metal,* 295 AD2d 416, 418). However, the statute of limitations may be tolled by a written acknowledgment of the debt (*see* General Obligations Law § 17-101; *Skiadas v Terovolas,* 271

AD2d 521; *Estate of Vengroski v Garden Inn,* 114 AD2d 927, 928; *Bernstein v Kaplan,* 67 AD2d 897, 898).

The plaintiffs contend that certain financial records (a January 1, 1999, balance sheet and a reconciliation of cash receipts and cash disbursements sheet for the years 1988 through 1998), constituted a written acknowledgment of the debt, which tolled the six-year limitations period. We disagree. To the extent that such records were not contemporaneous, but were reconstructed and prepared by the plaintiffs' accountant, and were not certified or signed by a principal of the debtor, the financial records did not recognize an existing debt (*see Estate of Vengroski v Garden Inn, supra*). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment and entered judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiffs' remaining contention. Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.