■ Robert C. Fade, Respondent, v Patricia Pugliani/Fade et al., Appellants. [779 NYS2d 568]—

In an action, inter alia, to recover damages for breach of a separation agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 13, 2003, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant former wife Patricia Pugliani/Fade (hereinafter the former wife) and the plaintiff former husband Robert Fade (hereinafter the former husband) entered into a separation agreement (hereinafter the agreement), which was incorporated, but not merged, into a judgment of divorce. The agreement obligated the former wife to sell the marital residence no later than September 1, 1994, and to divide the proceeds equally with the former husband. The former wife did not sell the marital residence until August 20, 2001, when she sold it to their son, the defendant Thomas Fade (hereinafter Thomas).

After the former wife informed the former husband that she had sold the marital residence, she did not remit any portion of the sales proceeds to him. The former husband commenced the instant action in March 2002 seeking damages for breach of the separation agreement and enhanced damages for fraudulently transferring the marital residence at less than fair market value. In the alternative, he sought imposition of a constructive trust upon the residence or the proceeds of sale in order to remedy the alleged fraud. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied their motion. We affirm.

The former wife made a prima facie showing that the six-year statute of limitations applicable to breach of contract actions expired before the former husband commenced the instant action (*see Mauro v Niemann Agency,* 303 AD2d 468 [2003]; *Gravel v Cicola,* 297 AD2d 620 [2002]; *Landau v Salzman,* 129 AD2d 774 [1987]). In opposition, the former husband raised a triable issue of fact as to whether a writing, executed by the former wife on October 1, 2001, acknowledged his entitlement to one half of the sales proceeds and evinced her intent to pay it to him, thus restarting the statute of limitations (*see* General Obligations Law § 17-101; *Knoll v Datek Sec. Corp.,* 2 AD3d 594 [2003]; *Estate of Vengroski v Garden Inn,* 114 AD2d 927, 928 [1985]; *cf. Skiadas v Terovolas,* 271 AD2d 521 [2000]). "Whether a purported acknowledgment is sufficient to restart the running of a period of limitations depends on the circumstances of the individual case" (*Estate of Vengroski v Garden Inn, supra* at

928). Hence, a trial is necessary to resolve that issue, and summary judgment was properly denied as to the cause of action asserting a breach of contract.

Contrary to the defendants' contention, the former husband's claim for damages sounding in fraud, which was premised on the sale of the marital residence at a price below fair market value, pursuant to a transaction that was not at arm's length, was timely commenced within six years of the transaction (*see* CPLR 213 [8]; *Murphy v Murphy,* 212 AD2d 583, 585 [1995]). His alternative claim for imposition of a constructive trust upon the proceeds of the sale, which was premised upon an alleged wrongful transfer to Thomas, was timely commenced within six years of the transfer (*see* CPLR 213 [1]; *Maric Piping v Maric,* 271 AD2d 507, 508 [2000]; *Spataro v Spataro,* 268 AD2d 467, 468 [2000]; *Krauss v Iliescu,* 259 AD2d 468, 469 [1999]).

Moreover, Thomas, in his answer, did not raise the statute of limitations as an affirmative defense, and did not move to dismiss the complaint insofar as asserted against him prior to joining issue. Thus, he waived it as an affirmative defense, and the Supreme Court therefore properly denied summary judgment in his favor on that ground as well (*see* CPLR 3211 [e]; *Dougherty v City of Rye,* 63 NY2d 989, 991-992 [1984]; *Velez v Policastro,* 1 AD3d 429, 431 [2003]).

The Supreme Court also correctly rejected the defendants' argument that the former husband's claim for equitable relief was barred by the doctrine of unclean hands. The doctrine "is only applicable when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct" (*Mehlman v Avrech,* 146 AD2d 753, 754 [1989]; *see Nishman v De Marco,* 62 NY2d 926, 927 [1984]; *Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 316 [1956]; *Dinerstein v Dinerstein,* 32 AD2d 750 [1969]).

The person seeking to invoke the doctrine of unclean hands has the initial burden of showing, prima facie, that the elements of the doctrine have been satisfied (*see Kaufman v Kehler,* 5 AD3d 564 [2004]). In the instant action, the defendants did not make a showing that any action taken by the former husband with respect to the marital residence harmed them in any manner.

The defendants' argument that the action is barred by laches is raised for the first time on appeal, and thus is not properly before this Court (*see Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]; *Weber v Jacobs,* 289 AD2d 226 [2001]). In any event, laches is an equitable defense, which the defendants waived because they

did not assert it in their answers (*see* CPLR 3018 [b]; *Markwica v Davis,* 64 NY2d 38, 42 [1984]; *Kromer v Kromer,* 177 AD2d 472, 473 [1991]). Moreover, laches is not applicable to an action at law, and thus may not bar the former husband's causes of action alleging breach of contract and fraud to the extent they seek money damages (*see Matter of County of Rockland v Homicki,* 227 AD2d 477, 478 [1996]; *Propoco, Inc. v Birnbaum,* 157 AD2d 774, 776 [1990]). Under the circumstances presented by this action, laches is also not a meritorious defense to the former husband's demand for imposition of a constructive trust (*see Kaye v Kaye,* 203 AD2d 689, 690 [1994]; *cf. O'Dette v Guzzardi,* 204 AD2d 291, 292 [1994]; *Cotumaccio v Cotumaccio,* 171 AD2d 723 [1991]). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.