■ GEORGE TSUNIS REAL ESTATE, INC., Respondent, v GEORGE W. BENEDICT et al., Appellants. [983 NYS2d 871]—

In an action to recover a real estate brokerage commission, the defendants appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 6, 2012, which, in effect, denied the plaintiff's motion for summary judgment on the issue of liability, and denied their cross motion for summary judgment dismissing the amended complaint and to preclude the plaintiff from offering certain evidence at the time of trial.

Ordered that the appeal from so much of the order as, in effect, denied the plaintiff's motion for summary judgment on the issue of liability, and from so much of the order as denied that branch of the defendants' cross motion which was to preclude the plaintiff from offering certain evidence at the time of trial, is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order as, in effect, denied the plaintiff's motion for summary judgment on the issue of liability must be dismissed, as the defendants are not aggrieved by that portion of the order (*see* CPLR 5511). Contrary to the defendants' contention, the order did not grant the plaintiff's motion

for summary judgment on the issue of liability, but determined that, although the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law, the defendants raised a triable issue of fact as to whether the action is barred by the applicable statute of limitations. To the extent the defendants seek to appeal from the finding that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law, "[m]erely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish a basis for standing to take an appeal" (*Cholowsky v Civiletti*, 69 AD3d 110, 116 [2009] [internal quotation marks omitted], quoting *Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005]; *see also Caffrey v Morse Diesel Intl.*, 279 AD2d 494 [2001]).

The appeal from so much of the order as denied that branch of the defendants' cross motion which was to preclude the plaintiff from offering certain evidence at the time of trial must be dismissed because it concerns an evidentiary ruling, which, even when made in advance of a hearing or trial on motion papers, is not appealable as of right or by permission (*see* CPLR 5701; *Matter of Lyons v Lyons*, 86 AD3d 569, 570 [2011]; *Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 757 [2010]).

The Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint as time-barred. The defendants made a prima facie showing that the applicable six-year statute of limitations expired before the plaintiff commenced this action (*see* CPLR 213; *Fade v Pugliani/Fade*, 8 AD3d 612, 613 [2004]). In opposition, however, the plaintiff raised a triable issue of fact as to whether an email message, purportedly sent by the defendant George W. Benedict on July 16, 2008, acknowledged the plaintiff's entitlement to a brokerage commission and demonstrated the defendants' intent to pay it, thus restarting the statute of limitations (*see* General Obligations Law § 17-101; *Fade v Pugliani/Fade*, 8 AD3d at 613). " 'Whether a purported acknowledgment is sufficient to restart the running of a period of limitations depends on the circumstances of the individual case' " (*Fade v Pugliani/Fade*, 8 AD3d at 613, quoting *Estate of Vengroski v Garden Inn*, 114 AD2d 927, 928 [1985]). Here, a trial is necessary to resolve this issue. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur. **[Prior Case History: 36 Misc 3d 1209(A), 2012 NY Slip Op 51231(U).]**