In a probate proceeding in which James N. Scola, as adminis *896 trator of the estate of Stephen J. Scola, petitioned pursuant to SCPA 1809 to determine the validity and enforceability of a claim against the estate of Lucille Scola, also known as Lucille E Scola, James N. Scola appeals, as limited by his brief, from so much of an order of the Surrogate’s Court, Queens County (Kelly, S.), dated May 31, 2012, as granted that branch of the cross motion of Kim Pepe, the executor of the subject estate, which was for summary judgment dismissing the petition as time-barred.
Ordered that the order is affirmed insofar as appealed from, with costs.
The deceased, Stephen J. Scola (hereinafter Stephen), and his wife, Lucille E Scola (hereinafter Lucille), purchased real property in 1976, which was to be their marital residence. In 1980, Stephen and Lucille entered into a separation agreement which provided, inter alia, that “The Wife shall have exclusive occupancy of the marital abode and may reside there until the child [James Scola] reaches the age of 16 years, or remarries or desires to purchase the home. In that event, the marital abode will be sold to the Wife or to another purchaser at a fair market value.” James Scola (hereinafter James) reached 16 years of age in 1988, but the premises were not sold at that time. Stephen died in 2009 and Lucille died in 2010. At the time of their deaths, the premises had not been sold.
In 2011, James, as administrator of the estate of his father, Stephen Scola, filed a petition to determine the validity of a claim against Lucille’s daughter Kim Pepe (hereinafter Kim), as executor of Lucille’s estate, for one half an ownership interest in the premises. Thereafter, James moved for summary judgment on the petition and Kim cross-moved, inter alia, for summary judgment dismissing the petition as time-barred. The Surrogate’s Court denied the motion and granted that branch of the cross motion which was for summary judgment dismissing the petition as time-barred.
Although a separation agreement is enforceable as a contract, here, the cause of action to recover damages for breach of contract accrued in 1988, on the day of James’s 16th birthday, which was the date the separation agreement directed the sale of the premises and sharing of the proceeds of the sale (cf. Matter of Violi, 65 NY2d 392 [1985]). Thus, Kim established, prima facie, that the cause of action accrued in 1988 and that the six-year statute of limitations had expired by the time of the filing of the petition in 2011 (see Fade v Pugliani/Fade, 8 AD3d 612 [2004]). In opposition, James failed to raise a triable issue of fact (cf. id.).
Skelos, J.E, Dillon, Roman and Maltese, JJ., concur.