Matter of Ferreira v Santiago (2019 NY Slip Op 01409)





Matter of Ferreira v Santiago


2019 NY Slip Op 01409


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-00148
2018-03820
 (Docket No. V-02361-16)

[*1]In the Matter of Emanuel Ferreira, appellant,
v
Goddess Santiago, respondent.


Ronald V. De Caprio, Garnerville, NY, for appellant.
Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin III and Theresa Cayton of counsel), for respondent.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Rockland County (Dean Richardson-Mendelson, Ct. Atty. Ref.), dated November 3, 2017, and (2) an amended order of the same court entered February 2, 2018, made upon resettlement. The order, insofar as appealed from, after a hearing, awarded the mother physical custody of the parties' child and provided that parental access exchanges are to take place at the mother's residence with a 15-minute grace period. The amended order, insofar as appealed from, made upon resettlement, awarded the mother physical custody of the child and provided that parental access exchanges are to take place at the mother's residence with a one-hour grace period.
ORDERED that the appeal from the order dated November 3, 2017, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the amended order, made upon resettlement; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, who was born in Florida in 2015. In August 2016, the father commenced this proceeding pursuant to Family Court Act article 6 seeking sole custody of the child on the ground that the mother had threatened to take the child permanently to Florida. The mother challenged the court's subject matter jurisdiction and, at a hearing, the mother testified that she had been traveling between New York and Florida with the child for many months and intended to remain in Florida. In an order dated February 10, 2017, made after the hearing, the Family Court determined that it had subject matter jurisdiction to make an initial custody determination pursuant to Domestic Relations Law § 76(1)(b).
On June 28, 2017, after a hearing, the Family Court issued an oral decision finding that it was in the best interests of the child to prohibit the mother from relocating to Florida with the child, to award the parties joint legal custody, and to award the mother physical custody, provided [*2]that she moved back to New York prior to the commencement of the 2017/2018 school year for the Rockland County school district. If the mother chose to remain in Florida, then the father would be awarded physical custody and the mother would be awarded parental access. Soon thereafter, the mother's counsel represented that the mother had elected to move back to New York.
The Family Court issued a memorandum decision dated September 20, 2017, awarding physical custody to the mother and detailed parental access to the father. The court thereafter issued an order dated November 3, 2017, incorporating the provisions of the memorandum decision, and directing that parental access exchanges were to take place at the mother's residence with a 15-minute grace period.
The father moved for leave to reargue and/or resettle the November 3, 2017, order, arguing that the order was not consistent with the Family Court's rulings. The court granted the father's motion in part, but declined to delete the provisions regarding parental access exchanges and extended the grace period to one hour. The court also declined to add language incorporating its conditional ruling on physical custody that was set forth in the June 28, 2017, oral decision. The court determined that the issue had been rendered academic because the mother moved back to New York within the prescribed time period. In accordance with this determination, the court entered an amended order on February 2, 2018, upon resettlement, awarding the mother physical custody of the child and providing that parental access exchanges are to take place at the mother's residence with a one hour grace period. The mother was prohibited from relocating outside of Rockland County with the child without the prior express notarized written consent of the father or prior permission of the court by way of court order. The father appeals from the order dated November 3, 2017, and the amended order entered February 2, 2018.
The father contends that, upon resettlement, the Family Court should have included language incorporating its conditional ruling on physical custody set forth in its June 28, 2017, oral decision. However, we agree with the court's determination that the mother had moved back to New York within the prescribed time period, based on her sworn statement to that effect and airline tickets showing that she and the child returned to New York on August 30, 2017. Moreover, as the court noted, the amended order prohibits the mother from relocating outside of Rockland County with the child without the father's prior consent or the prior permission of the court by a court order. Therefore, we agree with the court's determination that this issue had been rendered academic, because a determination regarding whether the proposed language should have been included upon resettlement would not directly affect the rights of the parties (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714).
Contrary to the father's contention, the provisions in the amended order related to parental access exchanges are not inconsistent with the underlying decision (cf. Matter of Testa v Strickland, 99 AD3d 917, 917; Curry v Curry, 14 AD3d 646, 647).
We decline to reach the father's remaining contention challenging the Family Court's determination as to the basis upon which the court had subject matter jurisdiction to make an initial custody determination in the order dated February 10, 2017 (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; Tantleff v Kestenbaum & Mark, 131 AD3d 955, 956; George Tsunis Real Estate, Inc. v Benedict, 116 AD3d 1002).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court