■ Anonymous, Respondent-Appellant, v Anonymous, Appellant-Respondent.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered March 16, 1990, which *inter alia,* granted plaintiff-wife a divorce on the grounds of cruel and inhuman treatment and made distributive awards to her in lump sums of $250,000 and $66,897.64, respectively

representing capital stock and pension benefits of defendant-husband, unanimously affirmed for the reasons stated by Justice Baer in his decision dated October 15, 1987, without costs; and

Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered April 3, 1990, which held that plaintiff-wife executed, as a co-maker, bank notes totalling $67,944.72, for the accommodation of defendant-husband, and awarded her judgment in said sum, unanimously affirmed for the reasons stated by Justice Baer in his decision dated July 9, 1987, without costs; and

Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered April 5, 1990, which denied and dismissed the motion of plaintiff-wife, pursuant to CPLR 3213, for summary judgment in lieu of complaint on eight promissory notes executed in her favor by defendant-husband, unanimously reversed, on the law, the motion reinstated, and judgment granted to plaintiff in the amount of $116,177, plus interest, without costs.

These appeals and cross-appeals arise from five actions involving plaintiff-wife and defendant-husband, which were consolidated for trial and resulted in the three judgments reviewed herein. Upon examination of the briefs, appendices, and records, the judgments entered on March 16, 1990 and April 3, 1990 are affirmed in all respects for the reasons stated by the trial court in its decisions of October 15, 1987 and July 9, 1987, respectively.

The judgment entered on April 5, 1990 concerns eight promissory notes executed by defendant-husband in favor of plaintiff-wife. Plaintiff alleged that the notes, totalling $116,177 were executed and delivered to her on July 9, 1975, but antedated to bear dates in the years 1961, 1967, 1968 and 1969. Defendant denied having antedated the notes, asserting that they were issued on the face date and that plaintiff was therefore time-barred by the six-year statute of limitations (CPLR 213) from seeking recovery on the notes in her action commenced in or about December 1980. Having resolved the factual discrepancy—*i.e.,* whether the notes were executed on July 9, 1975—in plaintiff's favor, the trial court applied the face date of the notes to determine that plaintiff was, indeed, time-barred.

We do not disturb the trial court's factual finding that the date of issuance was July 9, 1975. This is supported by the record, which reveals that the book from which defendant

issued the promissory notes contains four notes, dated March 1, 1975, May 1, 1975, June 1, 1975 and June 25, 1975, which are followed by the eight notes in question, bearing dates from 1961 through 1969. These latter notes are then succeeded by a note dated July 9, 1975. Thus, the sequence of the notes gives credence to plaintiff's claim that the notes dated 1961 through 1969 were all issued after June 1975.

In dismissing plaintiff's motion pursuant to CPLR 3213, the IAS part noted that the explicit language of Uniform Commercial Code § 3-122 (1) (b) specifies that "[a] cause of action against a maker or an acceptor accrues * * * in the case of a demand *instrument upon its date or, if no date is stated, on the date of issue"* (emphasis added).

Our examination of this record, however, leads us to conclude that the debts represented by the eight promissory notes were revived on July 9, 1975. Section 17-101 of the General Obligations Law permits a "writing signed by the party to be charged" to "take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property." This statute recognizes an exception to the general rule, which bars an action commenced after the statute of limitations period, "when a debtor, before or after the expiration of the period of limitations, makes a new promise to pay his debt or when he acknowledges the debt in such a way as to imply an intention to pay it." (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.14; *see also, Manchester v Braedner,* 107 NY 346, 348-349.)

Here, plaintiff testified that defendant issued the notes on July 9, 1975 when she insisted that he give her "IOU's" on amounts she had loaned him over the course of "many, many years" before she would consider advancing him more monies. By complying, defendant revived the earlier debts within the meaning of article 17 of the General Obligations Law, and the statute of limitations began to run anew. Moreover, we interpret his having antedated the notes so as to render any action on them time-barred as an exploitation of the confidential relationship between husband and wife, and decline to permit defendant to benefit therefrom. Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.