■ BRIAN A. SICHOL et al., Appellants, v WILLIAM J. CROCKER, JR. et al., Respondents.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered June 26, 1990 in Orange County, which, *inter alia,* granted summary judgment in favor of defendants and dismissed the complaint.

Plaintiffs commenced this action in December 1989 to foreclose a mortgage securing a note executed by defendants on July 23, 1973. Defendants moved to dismiss the complaint upon the ground that the six-year Statute of Limitations *(see,* CPLR 213 [4]) had expired. Plaintiffs opposed the motion and cross-moved for summary judgment, alleging that on December 29, 1983 defendants acknowledged the mortgage debt in writing, causing the Statute of Limitations to begin to run anew *(see,* General Obligations Law § 17-101). After giving appropriate notice to the parties and an opportunity to make additional submissions, Supreme Court treated defendants' motion as one for summary judgment *(see,* CPLR 3211 [c]), granted defendants' motion and dismissed the complaint. Plaintiffs appeal.

We affirm. The undisputed facts are that no payments had been made on the note forming the basis for the action for several years prior to its May 1, 1980 due date, that in 1983 the parties' respective attorneys engaged in discussions concerning defendants' default and a possible resolution thereof, and that a proposal was made for modification of the note and mortgage upon stated terms. In that connection, defendant William J. Crocker, Jr. authored the December 29, 1983 writing, a letter to plaintiffs' attorney, in which he stated: "My partnership owes you money for the first mortgage payment (after the date of modification). We haven't received the Modification Agreement from you as yet, and I would appreciate it if you would forward it to me as soon as possible." The contemplated modification agreement was never executed.

In order to meet the requirements of General Obligations

Law § 17-101, a writing must be signed and " 'recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it' " *(Flynn v Flynn,* 175 AD2d 51, 52, quoting *Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). Here, while the letter arguably acknowledged the existence of indebtedness, there was no unconditional promise to pay it. Rather, a condition precedent, i.e., preparation and execution of a modification agreement, was imposed, thereby rendering any promise conditional, and the condition was never fulfilled *(see, supra).* Accordingly, Supreme Court properly dismissed the complaint.

Casey, J. P., Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.