■ YEZHAK DOV KNOLL, Respondent, v DATEK SECURITIES CORPORATION et al., Appellants. [769 NYS2d 581]—

In an action to recover brokerage commissions, the defendants

appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated August 8, 2002, as denied that branch of their motion which was to dismiss as time-barred the plaintiff's claims for commissions accruing before November. 13, 1995.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issues raised by that branch of the motion which was to dismiss as time-barred the plaintiff's claim for commissions accruing before November 13, 1995, and for a determination thereafter of that branch of the motion.

The plaintiff commenced this action in November 2001 to recover brokerage commissions, some of which accrued before 1995. The defendants moved, inter alia, to dismiss the plaintiff's claims for commissions accruing before November 13, 1995, asserting that they were time-barred pursuant to CPLR 213 (2). The Supreme Court denied that branch of the motion. We reverse.

In opposition to the defendants' motion, the plaintiff submitted commission analysis statements, arguing that the statements were written acknowledgments sufficient to take the action outside the statute of limitations (see General Obligations Law § 17-101).

To constitute an acknowledgment of a debt, a writing must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it (see Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]). In determining the effectiveness of an acknowledgment, the critical determination is whether the acknowledgment imports an intention to pay (see Estate of Vengroski v Garden Inn, 114 AD2d 927, 928 [1985]). A trial is required to ascertain the defendants' intent in listing a balance on the commission analysis statements and whether the commission analysis documents constitute written acknowledgments of a debt sufficient to take the action outside the statute of limitations (see General Obligations Law § 17-101; CPLR 3211 [c]). Accordingly, we remit the matter to the Supreme Court, Kings County, to conduct a trial on the issues raised by that branch of the motion, and for a determination thereafter of that branch of the motion. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.