■ JEFFREY H. LYNFORD, Respondent, v LESLYE LYNFORD WILLIAMS, Defendant, and HUGH WILLIAMS, Appellant. [826 NYS2d 335]—

In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Hugh Williams appeals (1) from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 23, 2005, which granted the motion and denied his cross motion for summary judgment dismissing the action insofar as asserted against him as time-barred, (2), as limited by his brief, from so much of a judgment of the same court dated October 12, 2005, entered upon the order, as is in favor of the plaintiff and against him in the total sum of $294,764.02, and (3), as limited by his brief, from so much of an order of the same court entered December 20, 2005, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered August 23, 2005 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is denied, the cross motion of the defendant Hugh Williams is granted, the action is dismissed insofar as asserted against the defendant Hugh Williams, the action against the remaining defendant is severed, and the order entered August 23, 2005 is modified accordingly; and it is further,

Ordered that the appeal from the order dated December 20, 2005, made upon reargument, is dismissed as academic, without costs or disbursements.

The appeal from the intermediate order entered August 23, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on

the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On August 16, 1998 the defendant Hugh Williams (hereinafter the appellant) executed a demand promissory note in favor of the plaintiff. In 2005 the plaintiff unsuccessfully requested payment pursuant to the note. He thereafter commenced this action by motion for summary judgment in lieu of complaint to recover on the note. The appellant cross-moved for summary judgment dismissing the action insofar as asserted against him, contending that the relevant statute of limitations had expired. In response, the plaintiff contended that the limitations period had been renewed under General Obligations Law § 17-101 by two alleged acknowledgments of the debt made by the appellant. In support, the plaintiff submitted a school financial aid application executed by the appellant in connection with his daughter's education, and some hearsay evidence regarding the appellant's alleged submission of a statement of net worth in a pending matrimonial action, both of which made reference to the debt owed to the plaintiff. The Supreme Court granted the plaintiff's motion and denied the appellant's cross motion, finding that the appellant had validly acknowledged the debt so as to take the matter out of the statute of limitations pursuant to General Obligations Law § 17-101. We reverse.

Pursuant to CPLR 213 (2), the plaintiff had six years within which to commence this action to recover on the note. Moreover, the cause of action to recover on this note accrued at the time of its execution on August 16, 1998 (*see Schleifer v Schlass*, 303 AD2d 204 [2003]; *Shelley v Dixon Equities*, 300 AD2d 566 [2002]; *Shelley v Shelley*, 299 AD2d 405, 406 [2002]; *Skiadas v Terovolas*, 271 AD2d 521 [2000]). Accordingly, this action, having been commenced more than six years after the execution of the note, was time-barred.

While General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt (*see Banco do Brasil v State of Antigua & Barbuda*, 268 AD2d 75, 77 [2000]; *Anonymous v Anonymous*, 172 AD2d 285, 287 [1991]), the Supreme Court erred in applying that statute to the facts of this case. Assuming arguendo that the references to the debt in the financial aid application and the alleged statement of net worth otherwise satisfied the elements of a valid acknowledgment (*see generally Hon Fui Hui v East Broadway Mall, Inc.*, 4 NY3d 790, 791 [2005]; *Sullivan v Troser Mgt., Inc.*, 15 AD3d 1011, 1011-1012 [2005]; *Knoll v Datek Sec. Corp.*, 2 AD3d 594, 595 [2003]), it is

undisputed that these documents were neither communicated to the plaintiff or to anyone on his behalf, nor intended to influence the plaintiff's conduct in any manner. Indeed, the plaintiff did not learn of the subject documents until after he commenced this action, and it is clear that he did not delay commencement of the action based on their contents. Accordingly, absent such communication to the plaintiff, these documents do not suffice to take this action out of the operation of the statute of limitations, and the appellant's cross motion to dismiss the action insofar as asserted against him as time-barred is granted (*see Matter of Kendrick*, 107 NY 104, 109 [1887]; *Wakeman v Sherman*, 9 NY 85, 91-92 [1853]; *Flynn v Flynn*, 175 AD2d 51, 52 [1991]; *Matter of Sonnenthal*, 39 Misc 2d 901, 903 [1963]; *In re Brill*, 318 BR 49, 59 [2004]; *see generally* 75A NY Jur 2d, Limitations and Laches § 347).

The plaintiff's alternative argument is raised for the first time on appeal and therefore is not properly before the Court (*see DiLauria v Town of Harrison*, 32 AD3d 490 [2006]; *Festinger v Edrich*, 32 AD3d 412 [2006]; *Sandoval v Juodzevich*, 293 AD2d 595 [2002]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757 [1985]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.