THOMAS PAONESSA, Doing Business as T.P. MASONRY CONSTRUCTION, Appellant, v C & L BUILDER/DEVELOPER, INC., et al., Respondents. [856 NYS2d 276]—

Malone Jr., J. Appeal from an order of the Supreme Court (McDonough, J.), entered April 25, 2007 in Albany County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

Luigi Cicero and Cosimo Lorica were the sole officers and shareholders of three businesses engaged in the development of residential real estate, namely, defendant C & L Builder/ Developer, Inc., defendant Grandview Estates Construction

Corporation and defendant Carriage Hill Development Corporation of Albany. Between April 1992 and June 1993, plaintiff contracted with C & L to provide masonry services at residential subdivisions located in Rensselaer, Albany and Schenectady Counties. After completing the work, plaintiff rendered an accounting establishing the reasonable value of its services to be $139,883. C & L paid plaintiff $20,000, leaving a balance due of $119,883.

Thereafter, plaintiff was allegedly promised by Cicero and Lorica that the balance due would be paid out of the proceeds of the sale of real property located in Albany County owned by Carriage Hill and, based upon these representations, agreed to forgo legal action. A revised statement of sale purportedly evidencing this understanding was prepared on March 24, 2005. At this point, however, C & L and Grandview had been dissolved leaving Carriage Hill as the only remaining corporate entity. At the closing on the sale of the property, there was a dispute over the release of the funds to pay the balance due to plaintiff and this amount was placed in escrow. Plaintiff, in turn, commenced this action to recover said amount.* Following joinder of issue, plaintiff moved for summary judgment and defendants cross-moved for summary judgment. Supreme Court denied plaintiff's motion, but granted defendants' cross motion and dismissed the action as barred by the statute of limitations. Plaintiff appeals.

Initially, we note that the six-year statute of limitations is applicable to a claim to collect money owed on a contract (*see* CPLR 213 [2]). In the context of a construction contract, the claim accrues upon the completion of the physical work under the contract (*see Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984]). Inasmuch as plaintiff completed the work in June 1993, but did not commence the action until more than 12 years later in February 2006, the action is clearly time-barred.

Plaintiff, however, argues that the revised statement of sale constitutes an acknowledgment of a new or continuing contractual obligation under General Obligations Law § 17-101 which tolled the statute of limitations until March 24, 2005, the date that it was prepared. General Obligations Law § 17-101 provides, in pertinent part, that: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing

* Although Cicero was initially named a defendant in the action, it was subsequently discontinued against him. The action was also discontinued against Lorica who passed away during the pendency of the action.

contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules." Under the circumstances presented, we find this provision inapplicable.

"To constitute an acknowledgment of a debt, a writing must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it" (*Knoll v Datek Sec. Corp.*, 2 AD3d 594, 595 [2003] [citation omitted]). Significantly, while the revised statement of sale lists a number of parties to receive proceeds from the sale, it does not indicate that the balance due to plaintiff is an existing debt. Moreover, it does not contain the signature of the party to be charged, and the presence of Carriage Hill's printed name at the top of the written statement, along with the name of the purchaser of the property, does not satisfy the signature requirement (*compare Leising v Multiple R Dev.*, 249 AD2d 920, 920 [1998]). Notably, C & L, the now-defunct corporate entity obligated to pay the balance due, is the only entity that could acknowledge a continuing contractual obligation, yet its name does not appear on the revised statement. In addition, the revised statement by its terms does not evince an intention to create a new contractual obligation by Carriage Hill. Finally, the oral representations allegedly made to plaintiff that it would be paid out of the proceeds of the sale of Carriage Hill's property and its resulting decision to forgo litigation do not estop defendants from raising the statute of limitations as a defense (*see Stark v City of New York*, 31 AD3d 530, 531 [2006]). In view of the foregoing, the complaint was properly dismissed.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.