■ Mosab Construction Corp., Appellant, v Prospect Park Yeshiva, Inc., et al., Respondents. [2 NYS3d 197]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated November 14, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed, with costs.

The plaintiff alleged in the complaint that, in October 2001, the defendants hired it to perform construction work, that the construction project was completed in July 2002, and that the defendants still owed the plaintiff an outstanding balance of $130,092. On September 3, 2013, 11 years after the completion of the work, the plaintiff commenced this action by filing the summons and complaint. The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1. The Supreme Court granted the motion.

In their motion, inter alia, to dismiss the complaint, the defendants established, prima facie, that the breach of contract cause of action was time-barred since it was not interposed within six years after its accrual in accordance with the statute of limitations set forth in CPLR 213 (2) (*see Paonessa v C & L Bldr./Dev., Inc.*, 50 AD3d 1334, 1335 [2008]; *see also Phillips Constr. Co. v City of New York*, 61 NY2d 949, 951 [1984]). The defendants also established, prima facie, that the cause of action to recover damages for unjust enrichment, which is factually indistinguishable from the breach of contract cause of action, was also barred by the six-year statute of limitations set forth in CPLR 213 (2) (*see Chi Kee Pang v Synlyco, Ltd.*, 89 AD3d 976, 977 [2011]; *EMD Constr. Corp. v New York City Dept. of Hous. Preserv. & Dev.*, 70 AD3d 893, 894 [2010]).

In opposition to the motion, the plaintiff argued that the defendants had acknowledged the debt in a writing, and so had restarted the statute of limitations period. "General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (*Lynford v Williams*, 34 AD3d 761, 762 [2006]). "To constitute an acknowledgment of a debt, a writing must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it" (*Knoll v Datek Sec. Corp.*, 2 AD3d 594, 595 [2003]; *see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 520 [1976]; *Paonessa*

*v C & L Bldr./Dev., Inc.*, 50 AD3d at 1336; *Erdheim v Gelfman*, 303 AD2d 714, 715 [2003]).

Here, the plaintiff's opposition papers did not include any writing that purported to be a written acknowledgment of the debt by the defendants. Moreover, while the Supreme Court allowed the plaintiff to submit, at the oral argument on the motion, a writing purporting to be such an acknowledgment, the writing submitted by the plaintiff neither acknowledged a debt owed to the plaintiff, nor indicated that the defendants intended to pay the plaintiff. Rather, it set forth various claims asserted by the defendants against the plaintiff. Thus, as the Supreme Court properly determined, the writing did not constitute an acknowledgment under General Obligations Law § 17-101 so as to restart the statute of limitations period (*cf. George Tsunis Real Estate, Inc. v Benedict*, 116 AD3d 1002, 1003 [2014]; *Fade v Pugliani/Fade*, 8 AD3d 612, 613 [2004]).

The Supreme Court also providently exercised its discretion in awarding the defendants an attorney's fee in the amount of $500 based upon the plaintiff's frivolous conduct in commencing the action (*see* 22 NYCRR 130-1.1 [a]). The decision to award costs or sanctions, and the amount or nature of those costs or sanctions, is generally entrusted to the trial court's sound discretion (*see Perna v Reality Roofing, Inc.*, 122 AD3d 821, 822 [2014]; *Matter of Khan-Soleil v Rashad*, 111 AD3d 727, 728 [2013]), and the record reveals no basis to disturb the exercise of that discretion in this case. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.