Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 2, 2014. The order denied the motion of the defendants Elise Martin, also known as Elise H. Martin, Walter Martin, and Russell Carbone to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Elise Martin, also known as Elise H. Martin, Walter Martin, and Russell Carbone is granted.

In 2004, Elise Martin, also known as Elise A. Martin, and Walter Martin executed a mortgage on their property as security for a note. After the Martins defaulted on their payment obligations, LaSalle Bank National Association (hereinafter LaSalle Bank) accelerated the debt and commenced an action, on April 21, 2006, to foreclose the mortgage (hereinafter the prior foreclosure action). During the pendency of that action, Elise Martin commenced a chapter 13 bankruptcy proceeding, which was thereafter dismissed. She then commenced a second chapter 13 bankruptcy proceeding, in which the Bankruptcy Court, upon the consent of Elise Martin and the mortgage servicer, Chase Home Finance, LLC, entered an order dated March 13, 2007, conditionally extending the automatic bankruptcy stay as long as Elise Martin made timely monthly mortgage payments to Chase Home Finance, LLC. According to the plaintiff, Elise Martin made one mortgage payment in March 2007, in connection with that order. The second bankruptcy proceeding was subsequently dismissed, and Elise Martin commenced two more bankruptcy proceedings, which were also both dismissed. In June 2013, the Supreme Court granted LaSalle Bank's motion, inter alia, to discontinue the prior foreclosure action.

On June 20, 2013, the plaintiff commenced this action as LaSalle Bank's successor in interest, to foreclose the mortgage. The defendants Elise Martin, Walter Martin, and Russell Carbone, the then owner of the subject property (hereinafter collectively the defendants), moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court denied the motion.

In support of their motion, the defendants demonstrated

that the six-year statute of limitations (*see* CPLR 213 [4]) began to run on April 21, 2006, when LaSalle Bank accelerated the mortgage debt and commenced the prior foreclosure action (*see PSP-NC, LLC v Raudkivi*, 138 AD3d 709, 710-711 [2016]; *EMC Mtge. Corp. v Smith*, 18 AD3d 602, 603 [2005]; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]). Since the plaintiff did not commence this action until more than six years after April 21, 2006, the defendants sustained their initial burden of demonstrating, prima facie, that this action was untimely (*see Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely (*see id.* at 611; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

To that end, the plaintiff asserted that Elise Martin's mortgage payment made in March 2007 started the statute of limitations running anew (*see* General Obligations Law § 17-107 [1]), such that, when considered together with time periods during which the statute of limitations was tolled by the automatic bankruptcy stays, the action was timely. To demonstrate that such a payment was made, the plaintiff relied upon the affidavit of an assistant secretary for JPMorgan Chase Bank, N.A., attorney-in-fact for the plaintiff, who averred that her knowledge of the facts was based upon her review of "Chase's" records and files, including a print-out of the payment history regarding the relevant loan.

This evidence was insufficient to raise a question of fact, however, since the plaintiff failed to demonstrate the admissibility of the records relied upon by its affiant under the business records exception to the hearsay rule (*see* CPLR 4518 [a]). Specifically, since the plaintiff's affiant did not allege that she was personally familiar with the record-keeping practices and procedures of Chase Home Finance, LLC, she did not lay a proper foundation for the admission of the payment history of the subject loan (*see Citibank, N.A. v Cabrera*, 130 AD3d 861 [2015]; *JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]).

In any event, even if the plaintiff's evidence was considered, it was insufficient to raise a question of fact as to whether the statute of limitations ran anew from the date of the March 2007 payment. In order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by

the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]; *see Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 515 [2005]). Here, because the plaintiff asserts that the payment was made as a condition to receiving an extension of a bankruptcy stay, the payment did not constitute an unqualified acknowledgment of the debt or manifest a promise to pay the remainder (*see Petito v Piffath*, 85 NY2d 1, 9 [1994]; *Lew Morris Demolition Co.*, 40 NY2d at 521; *Giordano v Westchester County Dept. of Parks, Recreation & Conservation*, 32 AD3d 897, 898 [2006]). Moreover, the payment history did not show by whom the payment was made, and thus, did not prove that it was made by the debtor (*see Education Resources Inst., Inc. v Piazza*, 17 AD3d at 515; *Saini v Cinelli Enters.*, 289 AD2d 770, 771 [2001]; *Big Chief Lewis v Stim*, 99 AD2d 501 [1984]).

Accordingly, the statute of limitations did not begin to run anew in March 2007, and although the limitations period was tolled for certain periods due to the automatic bankruptcy stays (*see* 11 USC § 362 [a]; *PSP-NC, LLC v Raudkivi*, 138 AD3d at 711), the action was nevertheless untimely. Therefore, the defendants' motion to dismiss the complaint insofar as asserted against them should have been granted. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.

