OPINION OF THE COURT
Johnny L. Baynes, J.
Defendant, Bank of New York, as Trustee for the Certificate Holder CWABS, Inc., Asset-Backed Certificates, Series 2005-11 (hereinafter moving defendant), moves by notice of motion dated December 23, 2016, for an order pursuant to CPLR 3212 for summary judgment granting a judgment of foreclosure in favor of moving defendant.
Plaintiff, Jade McQueen, moves by notice of motion dated December 27, 2016, for an order pursuant to CPLR 3212 for summary judgment in favor of plaintiff and for declaratory judgment pursuant to RPAPL article 15 and CPLR 213 declaring the mortgage and note void and legally unenforceable and removed as a cloud upon title of the property located at 886 Hancock Street, Brooklyn, NY 11233, designated as Block 1491, Lot 9. Plaintiff asserts that the statute of limitations has run on the mortgage in question and that said mortgage is unenforceable.
This action is based upon a mortgage and note entered into by and between the plaintiff and defendant Wholesale on September 6, 2005. That mortgage was assigned and recorded through an assignment of mortgage by defendant Mortgage Electronic Registration Systems, Inc., as nominee for Wholesale to defendant Bank of New York by assignment dated March 3, 2008.
It is undisputed that plaintiff previously defaulted in her obligations under the mortgage and note in question. The moving defendant accelerated the debt when, only four days after the purported assignment, defendant commenced a foreclosure action against plaintiff by summons and complaint dated *483 March 7, 2008.* There is no question that moving defendant had the right to accelerate the debt and chose to do so. Once the debt was accelerated, however, the statute of limitations began to run on the entire debt, even where that debt was previously based on installments. (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982 [2d Dept 2012].)
Thereafter, the above-referenced foreclosure action was dismissed, without prejudice, by order dated the 9th day of April, 2015.
Thereafter, plaintiff submitted a loan modification application on September 1, 2010 (hereinafter the loan modification application) and sent letters requesting information about the mortgage on November 18, 2014 and November 25, 2014. Both the modification application and letters occurred subsequent to the running of the statute of limitations on the debt as measured from the acceleration of the debt and filing of the prior action. It is moving defendant’s contention that the loan modification application and/or the letters seeking information resurrected the expired statute of limitations and constitute acknowledgment of the debt. No payments were tendered or accepted and moving defendant, in fact, rejected plaintiff’s request for a modification of the loan. The court will address the issue of whether plaintiff acknowledged the debt and revived the statute of limitations before turning to the defendant’s motion for summary judgment as that motion will be moot if the statute of limitations has expired and not been revived.
Defendant does not claim that there was any specific acknowledgment of debt or promise to pay in the modification application submitted by plaintiff. Rather, it claims the acknowledgment and promise are implicit in the application and following communications. No one alleges partial payment as a basis for revival of the expired statute.
“To constitute an acknowledgment of a debt, a writing must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it (see Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]). In determining the effectiveness of an *484 acknowledgment, the critical determination is whether the acknowledgment imports an intention to pay (see Estate of Vengroski v Garden Inn, 114 AD2d 927, 928 [1985]).” (Knoll v Datek Sec. Corp., 2 AD3d 594, 595 [2d Dept 2003].)
In the matter sub judice, plaintiff requested a loan modification which was then rejected by defendant. There was no agreement to pay the expired debt. Plaintiff’s offer contained no specific payment amount, offered no assurances that plaintiff would pay and did not set forth the terms and conditions of payments. It did not specify the due dates of payment, the amount of principal and interest or establish a new installment agreement.
Thus, the request for modification is akin to an offer of settlement which does not necessarily acknowledge liability, but may be offered for many reasons, including peace of mind of the party making the offer of settlement. Such settlement offers and other efforts to reach negotiated settlements are inadmissible at trial as proof of liability. (See Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 77 AD3d 224 [2010], appeal dismissed 15 NY3d 906 [2010], affd as mod 18 NY3d 652 [2012].)
It should be noted that the application was a request for a modification, not an “offer” to pay. Had defendant granted the modification request, and plaintiff signed the modification agreement, there is no question that such steps would have acknowledged the debt and create a new installment contract with its own statute of limitations if breached. The circumstances in this case do not rise to that level. No payment was tendered. No sums were agreed upon. The court can see no distinction between a circumstance such as this and a rejected offer of settlement.
It further appears that defendant is attempting to state that the prior foreclosure action was done with no standing for plaintiff to do so at the time. The court finds such protestations to be disingenuous.
As plaintiff correctly points out, the essential difference between unconditional acknowledgment that would suffice to revive an expired statute of limitations herein and something which is offered in contemplation of settlement of litigation is whether the parties require negotiation to resolve the debt. (See Matter of Hyde, 177 Misc 666 [Sur Ct, NY County 1941].) Here, defendant refused to accept plaintiff’s request for a *485 modification. Had it chosen to do so, it would have provided plaintiff with a schedule of payments of principal and interest and clarify the sums payable. Even then, such a modification would have been proffered on a three-month probationary basis. To get to such a point, plaintiff would have been required to acknowledge the purported debt. This, however, would not necessarily have revived the statute of limitations. Rather, it would have created a new installment agreement which, perhaps, could have been accelerated had plaintiff reneged. However, instead of offering plaintiff a modification, moving defendant chose to use the request as a self-serving basis to attempt to revive an expired statute of limitations. Letters of inquiry also do not constitute a promise to pay and moving defendant has set forth no facts which would lead to an opposite conclusion.
As the statute of limitations is expired, any examination of defendant’s motion for summary judgment would be academic.
Wherefore, it is hereby ordered and adjudged that defendant’s motion for summary judgment in favor of defendant, and granting a judgment of foreclosure is denied in all respects; and it is further ordered and adjudged that plaintiff’s motion for an order pursuant to CPLR 3212 for summary judgment in favor of plaintiff and for declaratory judgment pursuant to RPAPL article 15 and CPLR 213 declaring that the mortgage is unenforceable is granted; and it is further ordered and adjudged that the part of plaintiff’s motion which seeks to strike the answer of defendant America’s Wholesale Lender and the moving defendant is granted in all respects; and it is further ordered and adjudged that the County Clerk is to strike said mortgage and all associated liens from its ledgers; and it is further ordered and adjudged that the notice of pendency herein is vacated.

 The foreclosure action was filed under index No. 7758/08 by the law office of Steven J. Baum, Esq., on behalf of Bank of New York. The Baum office was later required to pay millions of dollars in settlement of claims for misconduct in foreclosure actions.