U.S. Bank, N.A. v Kess (2018 NY Slip Op 01498)





U.S. Bank, N.A. v Kess


2018 NY Slip Op 01498


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06713
 (Index No. 600988/15)

[*1]U.S. Bank, National Association, etc., respondent,
v
Philip Kess, etc., appellant, et al., defendants.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (David Gise of counsel), for appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Philip Kess appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated May 4, 2016, as denied that branch of his motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Philip Kess which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is granted.
The plaintiff commenced this mortgage foreclosure action on February 2, 2015, against, among others, the defendant Philip Kess, individually and on behalf of the estate of Winifred Kess. Kess moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, individually and in his representative capacity, on the ground that the six-year statute of limitations had run. In support of the motion, he submitted, among other things, the complaint in a prior action commenced by the plaintiff in May 2008 to foreclose the same mortgage (hereinafter the 2008 foreclosure action), in which the plaintiff elected to call due the entire amount secured by the mortgage, and proof that the 2008 foreclosure action was voluntarily discontinued by the plaintiff in October 2014. The plaintiff opposed the motion, arguing that the statute of limitations was tolled for 18 months pursuant to CPLR 210(b) by the June 4, 2013 death of Kess's wife, who was named as a defendant in the 2008 foreclosure action. In the order appealed from, the Supreme Court denied that branch of Kess's motion, finding that the death of Kess's wife tolled the statute of limitations for 18 months, thereby making the instant action timely.
In support of his motion, Kess demonstrated that the six-year statute of limitations (see CPLR 213[4]) began to run on May 6, 2008, when the plaintiff accelerated the mortgage debt and commenced the 2008 foreclosure action (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233; U.S. Bank N.A. v Martin, 144 AD3d 891, 892; EMC Mtge. Corp. v Smith, 18 AD3d 602, 603). Since the plaintiff did not commence the instant foreclosure action until more than six years later, Kess sustained his initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Martin, 144 AD3d at 892; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a [*2]question of fact as to whether the action was timely (see U.S. Bank N.A. v Martin, 144 AD3d at 892; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d at 611).
Contrary to the Supreme Court's determination, the plaintiff failed to establish that the action was timely or to raise a question of fact with respect thereto. CPLR 210(b) provides that "[t]he period of eighteen months after the death . . . of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his [or her] executor or administrator." The statute plainly is limited in scope to the executor or administrator of the decedent's estate and does not extend to other defendants in the same action (see Laurenti v Teatom, 210 AD2d 300, 301; Anselmo v Copertino 134 Misc 2d 956 [Sup Ct, Suffolk County]). Consequently, CPLR 210(b) could not extend the statute of limitations period as to Kess individually. Furthermore, the plaintiff failed to establish that Kess was the administrator or executor of his deceased wife's estate, a point which Kess denied in reply to the plaintiff's opposition. Thus, the Supreme Court erred in finding that the action was timely pursuant to CPLR 210(b).
In addition, the purported loan modification application submitted by the plaintiff in opposition to the motion was not an acknowledgment of the debt and an unconditional promise to repay the debt sufficient to reset the running of the statute of limitations (see Sichol v Crocker, 177 AD2d 842, 843; see also National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 538; Albin v Dallacqua, 254 AD2d 444, 445; see generally Petito v Piffath, 85 NY2d 1, 8).
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 613; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 659).
Accordingly, the Supreme Court should have granted that branch of Kess's motion which was to dismiss the complaint insofar as asserted against him as time-barred.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court