Yadegar v Deutsche Bank Natl. Trust Co. (2018 NY Slip Op 05957)





Yadegar v Deutsche Bank Natl. Trust Co.


2018 NY Slip Op 05957


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-05931
2016-05940
2016-08253
 (Index No. 607556/15)

[*1]Sharona Yadegar, respondent, 
v
Deutsche Bank National Trust Company, etc., appellant, et al., defendant.


McGlinchey Stafford, New York, NY (Brian S. McGrath of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (David M. Grill, Evan R. Schieber, and Cheryl Korman of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Deutsche Bank National Trust Company appeals from three orders of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated April 12, 2016, May 16, 2016, and June 22, 2016. The orders dated April 12, 2016, and May 16, 2016, each granted the plaintiff's motion for summary judgment on the complaint, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and directed the Nassau County Clerk to cancel and discharge of record the subject mortgage. The order dated June 22, 2016, denied that defendant's motion for leave to renew with respect to the plaintiff's motion and its cross motion.
ORDERED that the appeal from the order dated April 12, 2016, is dismissed, as that order was superseded by the order dated May 16, 2016; and it is further,
ORDERED that the orders dated May 16, 2016, and June 22, 2016, are affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2004, the plaintiff obtained a loan from Washington Mutual Bank, FA, which was secured by a mortgage on real property located in Old Westbury. In March 2008, the defendant Deutsche Bank National Trust Company (hereinafter the defendant), as Washington Mutual Bank, FA's assignee, accelerated the debt by commencing an action to foreclose the mortgage (hereinafter the 2008 foreclosure action). In April 2009, the defendant commenced a second action to foreclose the same mortgage (hereinafter the 2009 foreclosure action). The 2008 foreclosure action was discontinued in January 2012, and the 2009 foreclosure action was dismissed as abandoned pursuant to CPLR 3215 in September 2012.
On November 19, 2015, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In orders dated April 12, 2016, and May 16, 2016, the [*2]Supreme Court, in both orders, granted the plaintiff's motion for summary judgment, denied the defendant's cross motion, and directed the Nassau County Clerk to cancel and discharge of the record the mortgage.
The defendant moved for leave to renew with respect to the plaintiff's motion and its cross motion. In an order dated June 22, 2016, the Supreme Court denied the defendant's motion for leave to renew.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor is not in possession of the subject real property at the time the action to cancel and discharge the mortgage is commenced (see RPAPL 1501[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d at 963). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]).
Here, the plaintiff met her prima facie burden for summary judgment on her complaint by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see U.S. Bank N.A. v Martin, 144 AD3d 891, 891; JBR Constr. Corp. v Staples, 71 AD3d 952, 953). Thus, the burden shifted to the defendant to raise a triable issue of fact as to whether the statute of limitations was tolled or revived (see JBR Constr. Corp. v Staples, 71 AD3d at 953).
"General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Lynford v Williams, 34 AD3d 761, 762; see Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 733). To constitute a valid acknowledgment, a "writing must be signed and recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Sichol v Crocker, 177 AD2d 842, 843 [internal quotation marks omitted]; see U.S. Bank N.A. v Martin, 144 AD3d at 892-893; Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d at 733).
Contrary to the defendant's contention, the plaintiff's letter accompanying her request for the defendant to authorize a short sale of the property, and the other documents relied on by the defendant, did not constitute an unqualified acknowledgment of the debt sufficient to reset the statute of limitations (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768; U.S. Bank N.A. v Martin, 144 AD3d at 892-893; Hakim v Peckel Family Ltd. Partnership., 280 AD2d 645; Sichol v Crocker, 177 AD2d at 843). The plaintiff's letter, while arguably acknowledging the existence of the mortgage, disclaimed any intent to pay it with the plaintiff's own funds (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 520-521; U.S. Bank, N.A. v Kess, 159 AD3d at 768-769; Sichol v Crocker, 177 AD2d at 843). Thus, the defendant failed to raise a triable issue of fact in opposition to the plaintiff's motion for summary judgment and, with respect to its cross motion, the defendant failed to establish its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it.
We agree with the Supreme Court's denial of the defendant's motion for leave to renew with respect to the plaintiff's motion and its cross motion. The defendant did not provide a reasonable justification for the failure to present the new facts in opposition to the plaintiff's motion and in support of its cross motion (see CPLR 2221[e][3]; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859; Matter of Kopicel v Schnaier, 145 AD3d 599, 599; Cioffi v S.M. Foods, Inc., 142 AD3d 526, 530; Fardin v 61st Woodside Assoc., 125 AD3d 593; Jovanovic v Jovanovic, 96 AD3d 1019, 1020; Rowe v NYCPD, 85 AD3d 1001, 1003; Foley v Roche, 68 AD2d 558, 568). In any event, the new evidence submitted by the defendant would not have changed the prior determination (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Wells Fargo Bank, N.A., v Eisler, 118 AD3d 982, 983; EMC Mtge. Corp. v Patella, 279 AD2d 604). Contrary to the defendant's contention, the court providently exercised its discretion in considering the plaintiff's untimely [*3]opposition papers to the defendant's motion for leave to renew (see CPLR 2004, 2214; Fernandez v City of Yonkers, 139 AD3d 895, 896).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the complaint, deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and deny the defendant's motion for leave to renew.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court