Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co. (2018 NY Slip Op 05921)





Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co.


2018 NY Slip Op 05921


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-05914
 (Index No. 2565/15)

[*1]Karpa Realty Group, LLC, respondent, 
v
Deutsche Bank National Trust Company, etc., appellant, et al., defendants.


Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri and Schuyler B. Kraus of counsel), for appellant.
Andrei A. Popescu, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Deutsche Bank National Trust Company appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated April 21, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2006, Alister Aird obtained a loan from the defendant New Century Mortgage Corporation (hereinafter New Century Mortgage), which was secured by a mortgage on real property in Brooklyn. Aird defaulted on his mortgage payments, and in August 2008, the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank), as New Century Mortgage's assignee, accelerated the debt by commencing an action to foreclose the mortgage. In December 2013, the foreclosure action was dismissed pursuant to CPLR 3216 for failure to prosecute.
Subsequently, the plaintiff purchased the subject property from Aird and commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Deutsche Bank, and Deutsche Bank cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted the plaintiff's motion and denied Deutsche Bank's cross motion. Deutsche Bank appeals.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor is not in possession of the subject real property at the time the action to cancel and discharge the mortgage is commenced (see Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). An action to foreclose a mortgage has a six-year statute of [*2]limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d at 963). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]).
Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by establishing that the foreclosure action commenced by Deutsche Bank in 2008 was dismissed pursuant to CPLR 3216, and that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see U.S. Bank N.A. v Martin, 144 AD3d 891, 891; JBR Constr. Corp. v Staples, 71 AD3d 952, 953). Thus, in opposition, Deutsche Bank was required to raise a triable issue of fact as to whether the statute of limitations was tolled or revived (see JBR Constr. Corp. v Staples, 71 AD3d at 953).
"General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Lynford v Williams, 34 AD3d 761, 762; see Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 733). To constitute a valid acknowledgment, a "writing must be signed and recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Sichol v Crocker, 177 AD2d 842, 843 [internal quotation marks omitted]; see U.S. Bank N.A. v Martin, 144 AD3d at 892-893; Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d at 733). Contrary to Deutsche Bank's contention, a letter written by Aird that accompanied his second short sale package submitted to Deutsche Bank's loan servicer did not constitute an unqualified acknowledgment of the debt or manifest a promise to repay the debt sufficient to reset the running of the statute of limitations (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768-769; U.S. Bank N.A. v Martin, 144 AD3d at 892-893; Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645; Sichol v Crocker, 177 AD2d at 843).
Deutsche Bank's remaining contentions are without merit. Thus, Deutsche Bank failed to raise a triable issue of fact in opposition to the plaintiff's motion and failed to establish its prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against it.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Deutsche Bank and to deny Deutsche Bank's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court