Darius Masonry, Inc. v NGL Contr., Ltd. (2022 NY Slip Op 50441(U))

[*1]

Darius Masonry, Inc. v NGL Contr., Ltd.

2022 NY Slip Op 50441(U) [75 Misc 3d 131(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-155 S C

Darius Masonry, Inc., Appellant,
against
NGL Contracting, Ltd., Respondent, Ruscio Mall, LLC, Defendant.
Michael Conde and John P. DeMaio, Nonparty-Respondents. 

Manmohan K. Bakshi, P.C. (Manmohan K. Bakshi of counsel), for appellant.
John P. DeMaio, for respondent NGL Contracting, Ltd.

Appeal from an order of the Suffolk County Court (James F. Matthews, J.), dated March 1,
2021. The order, insofar as appealed from, granted the branch of plaintiff's motion seeking costs
in the form of attorneys' fees in the sum of $7,289.53 against defendant NGL Contracting, Ltd.,
nonparty Michael Conde, and nonparty John P. DeMaio only to the extent of awarding $2,000
against DeMaio and denied the branch of that motion seeking the imposition of sanctions against
defendant NGL Contracting, Ltd. and those nonparties.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In an action to recover damages for breach of contract, after a default judgment was entered
against defendant NGL Contracting, Ltd. (NGL), a restraint was placed on its bank account.
Shortly thereafter, NGL moved by order to show cause to vacate the default judgment, arguing a
reasonable excuse for the default and a potentially meritorious defense, and to lift the related
restraint. NGL, however, failed to properly serve the signed order to show cause upon plaintiff or
return it to the court so that the matter could be calendared. Even so, the restraint was lifted and
all funds were removed from the bank account by NGL's principal, nonparty Michael Conde.
Subsequently, a judgment was entered against Conde in the approximate amount of the default
judgment.
Insofar as relevant to this appeal, plaintiff moved, in effect, pursuant to 22 NYCRR 130-1.1,
for an award of costs in the form of attorneys' fees in the sum of $7,289.53 and for the imposition
of sanctions against NGL, Conde, and nonparty John P. DeMaio, NGL's counsel. The County
Court declined to impose sanctions but granted the branch of plaintiff's motion seeking costs in
the form of attorneys' fees only to the extent of awarding $2,000 to be paid by DeMaio to
plaintiff's counsel. Plaintiff appeals, arguing that it was entitled to additional costs and that the
court should have imposed sanctions.
"A court may award a party 'costs in the form of reimbursement for actual expenses
reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct' " (Board
of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d
1124, 1125 [2016], quoting 22 NYCRR 130-1.1 [a]). "In addition to or in lieu of awarding costs,
the court, in its discretion may impose financial sanctions upon any party or attorney in a civil
action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1 [a]), to be paid in
accordance with 22 NYCRR 130-1.3. "The decision to award costs or sanctions, and the amount
or nature of those costs or sanctions, is generally entrusted to the trial court's sound discretion"
(Mosab Constr. Corp. v Prospect Park Yeshiva, Inc., 124 AD3d 732, 734 [2015];
see 22 NYCRR 130-1.1 [a]; Notaro v Performance Team, 161 AD3d 1092, 1093
[2018]), and the record reveals no basis to disturb the exercise of that discretion in this case.
Plaintiff's remaining contentions are without merit.
Accordingly, the order, insofar as appealed from, is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022