U.S. ROF IV Legal Tit. Trust 2015-1 v Silver (2022 NY Slip Op 05884)

U.S. ROF IV Legal Tit. Trust 2015-1 v Silver

2022 NY Slip Op 05884

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-09420
 (Index No. 509932/17)

[*1]U.S. ROF IV Legal Title Trust 2015-1, etc., appellant,
v
Martin Silver, etc., et al., respondents, et al., defendants.

Friedman Vartolo, LLP, New York, NY (Zachary Gold of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 2, 2019. The order denied the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant Martin Silver and its opposition to the prior cross motion of the defendants Martin Silver, Rebecca Stern, and Esther Silberstein to dismiss the amended complaint insofar as asserted against them as time-barred, which had been determined in a prior order of the same court dated January 2, 2019.
ORDERED that the order dated May 2, 2019, is affirmed, without costs or disbursements.
On February 15, 2001, the defendant Martin Silver (hereinafter Martin), executed a note in the sum of $275,000 in favor of Flagstar Bank, FSB, which was secured by a mortgage against certain real property in Brooklyn (hereinafter the property). On November 25, 2003, Martin executed a separate note in the sum of $7,396.24 in favor of JP Morgan Chase Bank (hereinafter JP Morgan), which was secured by a mortgage against the property. On December 3, 2003, Martin entered into a consolidation, extension, and modification agreement with JP Mortgage to consolidate the loans, and Martin executed a consolidated note in the sum of $275,000 in favor of JP Morgan, which was secured by a consolidated mortgage against the property.
On October 28, 2009, Chase Home Finance, LLC (hereinafter Chase), as the alleged holder of the consolidated note and consolidated mortgage, commenced an action to foreclose the consolidated mortgage against, among others, Martin, Rebecca Stern, and Esther Silberstein (hereinafter collectively the defendants) (hereinafter the 2009 action). According to an affidavit submitted by Martin, Chase ultimately moved to discontinue the 2009 action, and the Supreme Court granted that motion.
On May 18, 2017, the plaintiff, as the alleged holder of the consolidated note and consolidated mortgage, commenced the instant action to foreclose the mortgage against, among others, the defendants. The defendants interposed an answer to the plaintiff's amended complaint, asserting, inter alia, that the action was time-barred based upon the acceleration of the loan debt by the commencement of the 2009 action. Thereafter, the plaintiff moved, among other things, for summary judgment on the amended complaint insofar as asserted against Martin, and the defendants [*2]cross-moved to dismiss the amended complaint insofar as asserted against them as time-barred. In an order dated January 9, 2019, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. In that order, the court determined, inter alia, that there was no indication that Chase lacked standing to commence the 2009 action, and thus, lacked authority to accelerate the debt through the complaint filed in that action.
Subsequently, the plaintiff moved for leave to renew its prior motion, inter alia, for summary judgment on the amended complaint insofar as asserted against Martin and its opposition to the defendants' prior cross motion to dismiss the amended complaint insofar as asserted against them. In support of that motion, the plaintiff argued that there had been a change in the law since the prior determination, and that under the new law, the plaintiff was not required to demonstrate that Chase lacked standing to commence the 2009 action. In an order dated May 2, 2019, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
Insofar as relevant here, a motion for leave to renew "shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Contrary to the plaintiff's contention, it failed to demonstrate that there had been a change in the law that would change the prior determination (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768; U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892; cf. HSBC Bank USA v Rinaldi, 177 AD3d 583, 585; DLJ Mtge. Capital, Inc. v Hirsch, 161 AD3d 944, 945).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court