OPINION OF THE COURT
Beatrice Shainswit, J.
Plaintiff City of New York moves for an order directing the entry of summary judgment, pursuant to CPLR 3212, in this action to foreclose a mortgage. Defendant Becksmad Gardens, Inc. (Becksmad) cross-moves for summary judgment.
This action involves a mortgage on two buildings under the Mitchell-Lama program. Defendant Becksmad is a rental housing company organized under article 2 of the Private Housing Finance Law in 1966. The city provided a $2,253,800 consolidated Mitchell-Lama mortgage loan, for renovations, to defendant Becksmad, which is the subject of this action. Defendant has been in arrears on the mortgage since 1972. It does not dispute that it executed the mortgages nor that it is in default.
The defendant relies on two basic arguments in opposition to summary judgment and in support of its own summary judgment motion.
*305 Initially defendant contends that the City Housing and Development Administration failed to grant adequate rent increases to enable defendant to provide essential services and debt service. Therefore, in an argument based in estoppel¿ Becksmad urges that the city should now be denied relief on the mortgage. While Becksmad may have a legitimate complaint about increases being inadequate, it failed to resort to appropriate legal remedies in the form of article 78 proceedings. Whatever defendant’s reasons for failure to contest the insufficient increases, defendant cannot now raise any estoppel argument against the city, in view of defendant’s own inaction.
The major argument of Becksmad deals with its interpretation of section 94 of the Private Housing Finance Law. Defendant relies upon subdivision 1 of section 94 of the Private Housing Finance Law, which provides in part that: “Foreclosure shall not be decreed unless the court to which the application therefor is made shall be satisfied that the interests of the lienholder or holders can not be adequately secured or safeguarded except by the sale of the property.”
Defendant alleges that an issue exists as to whether the city has explored other avenues to safeguard its interest. However, subdivision 2 of section 94 of the Private Housing Finance Law expressly excludes “a government” from the need to consider such alternative measures, otherwise required under subdivision 1 of section 94 of the Private Housing Finance Law. Defendant’s contention that New York City is not a “government” within the subdivision is unsupported, and defies plain meaning. Moreover, the legislative history is clear that the Private Housing Finance Law is derived from the Public Housing Law, which contains subdivision 11 of section 3, expressly defining the term “government” as including municipalities.
In any event, even should the city be held to the requirements of subdivision 1 of section 94 of the Private Housing Finance Law, defendant has failed to establish the existence of any alternative that would protect the interests of plaintiff. The city has not rushed into the foreclosure proceeding but has patiently attempted a resolution of the dilemma over several years.
*306 Becksmad’s other contentions — e.g., that foreclosure should not be allowed, since all available funds are being paid on account of the mortgage — are completely devoid of merit.
In effect, defendant concedes plaintiff’s allegations as to its default, but asks the court’s intervention to prevent the loss of defendant’s equity. Regrettable as the situation is, the law is very plain that the city is entitled to the relief it seeks.
Accordingly, the plaintiff’s motion for summary judgment is granted and the cross motion is denied.