[707 NYS2d 151]

Banco do Brasil S. A. et al., Respondents, v State of Antigua and Barbuda et al., Appellants.

First Department, April 18, 2000

**APPEARANCES OF COUNSEL**

*Robert A. Giacovas* of counsel (*Michael T. Conway* on the brief; *Lazare Potter Giacovas & Kranjac, L. L. P.,* attorneys), for respondents.

*Michael S. Gordon* of counsel (*Howard E. Cotton* on the brief; *Rosenman & Colin, L. L. P.,* attorneys), for appellants.

## OPINION OF THE COURT

LERNER, J.

In this action for breach of a loan agreement and associated promissory notes and guarantees, we are called upon to determine whether defendants' 1997 letter regarding their loan agreement, sent to plaintiffs after the Statute of Limitations had run, constituted an acknowledgment or promise within the meaning of General Obligations Law § 17-101 and was sufficient to revive plaintiffs' time-barred claims.

On or about November 12, 1981, plaintiff Banco do Brasil, a Brazilian banking corporation with its principal place of business in Brasilia, Brazil, entered into a loan agreement with defendant, the State of Antigua and Barbuda (the State), wherein Banco do Brasil agreed to grant the State a loan in the principal amount of $3,000,000 plus interest. In connection with the loan agreement, the State executed certain promissory notes providing for the repayment of the loan with interest. Under the terms of the loan agreement, defendant, the Ministry of Finance of the State of Antigua and Barbuda (the Ministry), agreed to act as guarantor of the loan and the promissory notes on behalf of the State. As guarantor, the Ministry agreed to pay the amount due under the loan agreement and the promissory notes in the event of the State's default.

The State failed to pay the amount due within the time period provided in the promissory notes. The last payment was due on January 21, 1985. By letter dated October 5, 1989, the Ministry wrote to Banco do Brasil, confirming its obligation to pay the amount due under the loan agreement. However, the Ministry advised that due to the damages which the State sustained from Hurricane Hugo, it needed to reschedule its loan payments and requested six months to devise a plan for repayment.

In a second letter signed by its financial secretary and dated February 24, 1997, the Ministry confirmed the then-current balances (principal plus interest) due under the original loan agreement. The letter set forth the original loan amount, accrued interest, past-due interest and the total of $11,400,810.96 due and owing on that date.

Despite repeated demands, defendants failed to pay the amount due and owing under the loan agreement. Plaintiffs

commenced the instant action for breach of the loan agreement, breach of promissory notes and breach of the guarantee agreement.

Defendants moved to dismiss plaintiffs' complaint upon the ground that plaintiffs' claims were barred under CPLR 213 (2), the applicable six-year Statute of Limitations. Defendants argued that neither their October 5, 1989 letter nor their February 24, 1997 letter satisfied the requirements of General Obligations Law § 17-101 that these writings indicate an absolute and unqualified intention to repay the debt owed to the plaintiffs.

The IAS Court denied defendants' motion to dismiss and concluded that the six-year Statute of Limitations was revived under General Obligations Law § 17-101, because the 1997 letter constituted a plain admission of indebtedness and nothing in the letter was inconsistent with a clear intent to repay the loan.

General Obligations Law § 17-101 states, in pertinent part, as follows: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules."

"This section restates the rule that a written acknowledgment or promise will toll the Statute of Limitations * * * The writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (*Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 520-521; *see also, Flynn v Flynn*, 175 AD2d 51, 52, *lv denied* 78 NY2d 863).

The motion court correctly held that defendants' 1997 letter to plaintiffs constituted an "acknowledgment or promise" within the meaning of General Obligations Law § 17-101 that revived plaintiffs' otherwise time-barred claims. In its entirety, such letter refers to the parties' 1981 loan agreement and then "confirms" four "balances," namely, the original loan amount, accrued interest, past-due interest, and, adding up the first three balances, the "total amount." Even if this recital of a repayment obligation that is current and increasing with time is something less than a new promise to pay a past-due debt, it clearly conveys and is consistent with an intention to pay, which is all that need be shown in order to satisfy section 17-101 (*see, Morris Demolition Co. v Board of Educ.*, 40 NY2d 516,

520-521, *supra; Chase Manhattan Bank v Polimeni*, 258 AD2d 361, *lv dismissed* 93 NY2d 952, explaining *National Westminster Bank v Petito*, 202 AD2d 193; *Anonymous v Anonymous*, 172 AD2d 285, 287, *lv denied* 78 NY2d 1001).

Further, there is no merit to defendants' contention that their motion to dismiss should have been held in abeyance for disclosure on the issue of whether their letter imported an intention to repay. Defendants do not need to discover their own intention.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered February 17, 1999, which denied defendants' motion to dismiss the complaint as time barred, should be affirmed, with costs.

WALLACH, J. P., RUBIN and BUCKLEY, JJ., concur.

Order, Supreme Court, New York County, entered February 17, 1999, affirmed, with costs.