■ CITY OF NEW YORK, Respondent, v NORTH RIVER HOUSING DEVELOPMENT FUND CORPORATION, Appellant, et al., Defendants. [786 NYS2d 11]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered October 6, 2003, which, in an action by the City against a cooperative to foreclose a mortgage issued pursuant to Private Housing Finance Law article VIII, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Defendant, which has been in default of its low-interest, non-recourse mortgage loan since 1991, does not claim that plaintiff breached any express provision of the mortgage documents or made any oral promises. Rather, defendant claims that payment of the mortgage was rendered impossible by the "wrongful" acts of plaintiff's agencies, in particular, an unexplained delay of eight years by the Department of Buildings in issuing a certificate of occupancy. This allegedly caused defendant to incur a substantial expediting expense, prevented it from selling a vacant apartment and also prevented it from evicting a rent-controlled tenant who, because of a change in the Attorney General's rules during the delay, can no longer be evicted. Defendant also claims that the Department of Finance wrongfully refused to retroactively correct an excessive imposition of real estate taxes, that it was unable to cope with real estate taxes that spiraled upward because of gentrification in the neighborhood, and that plaintiff treated it differently from other subsidized housing in refusing its request for help.

Assuming the truth of these allegations, and we note our strong disapproval of the inordinate, unexplained delays by city agencies, particularly the Department of Buildings, they show no basis for implying a duty on plaintiff's part to avert or mitigate the effects of its agencies' actions in assessing taxes and regulating occupancy, or to otherwise assist defendant in becoming financially viable (*New York State Mtge. Loan Enforcement & Admin. Corp. v Coney Is. Site Five Houses*, 109 AD2d 311 [1985], *appeal dismissed* 67 NY2d 1049 [1986]). We reject defendant's argument that such a duty can be implied from the provisions in the mortgage documents making the failure to obtain a certificate of occupancy within a specified period of time an event of default, plaintiff's knowledge of defendant's frail financial position, legal limitations on the income of defendant's shareholders and the selling prices of its units, the

discrepancy in bargaining power or the absence of any conditioning language or disclaimers in the mortgage documents as to the project's feasibility. "Regrettable as the situation is, the law is very plain that the city is entitled to the relief it seeks" (*City of New York v Becksmad Gardens*, 113 Misc 2d 304, 306 [1982]), particularly in view of the fact that no payments were made for 10 years and the shareholders will revert to their rent-controlled tenancies.

The motion court also correctly held that defendant's May 1997 letter to plaintiff, stating that "[t]his income [$22,000 from the sale of a unit] would be applied [upon receipt of a no action letter from the Attorney General] to our $82,000 mortgage arrears with the City," constituted acknowledgment within the meaning of General Obligations Law § 17-101 that restarted the statute of limitations (*see Banco do Brasil v State of Antigua & Barbuda*, 268 AD2d 75 [2000]). That payment was promised on receipt of a no action letter does not make the acknowledgment conditional, inconsistent with an intention to pay, or otherwise render section 17-101 inapplicable (*cf. Atlantic Natl. Trust v Silver*, 9 AD3d 321 [2004]). Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.