18-2812-cv
*Lucesco Inc. v. The Republic of Argentina*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                       *Circuit Judges.*

---

LUCESCO INC.,

                *Plaintiff-Appellant,*                          18-2812-cv

                v.

THE REPUBLIC OF ARGENTINA,

                *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**           MIRIAM SKOLNIK, Herzfeld & Rubin, P.C., New York, NY.

**FOR DEFENDANT-APPELLEE:**           CARMINE D. BOCCUZZI, JR. (Rahul Mukhi *on the brief*), Clearly Gottlieb Steen & Hamilton LLP, New York, NY.

Appeal from the September 10, 2018 judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Lucesco Inc. ("Lucesco") challenges the District Court's dismissal of its amended complaint against Defendant-Appellee The Republic of Argentina. Lucesco, owner of several Argentinian bonds subject to New York law, raises the following arguments against the dismissal of its amended complaint. First, Lucesco argues that its claims are timely under New York Civil Practice Law and Rules ("NYCPLR") § 211(a), contending that § 211(a)'s twenty-year statute of limitations—rather than NYCPLR § 213's six-year statute of limitations—applies to the present action. Second, Lucesco argues that, even if NYCPLR § 213's six-year statute of limitations does apply, its claims are timely nonetheless, since the statute of limitations had been restarted under New York General Obligations Law ("NYGOL") § 17-101 each time Argentina acknowledged its debt—with such acknowledgments coming as late as 2016. Third, Lucesco argues that, no matter which statute of limitations applies, the applicable statute should have been tolled until, at least, the new administration in Argentina changed its approach to its debts, at which point the claims on the bonds accrued. Tolling of the statute of limitations was especially appropriate, Lucesco argues, since any earlier action against Argentina—given the statutory provisions prohibiting payment of its debts—would have been futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." *Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). We will affirm dismissal of a complaint if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal under Fed R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernadin*, 795 F.3d 337, 339 (2d Cir. 2015) (internal quotation marks omitted).

We conclude that Lucesco's claims *are* barred as a matter of law and agree with the District Court's dismissal of the amended complaint.

I.    *Application of NYCPLR § 211(a)*

First, we reject Lucesco's claim that NYCPLR § 211(a)'s twenty-year statute of limitations applies to actions involving its defaulted Argentinian bonds. NYCPLR § 211(a) provides a twenty-year window to commence an action on a bond when, among other things, that bond is issued by one of the following parties: "the state of New York or . . . any person, association or public or private corporation." "Sovereign" is notably absent from this list.

Nonetheless, Lucesco contends that Argentina qualifies as a bond-issuing party under the statute by arguing that Argentina is, legally speaking, a "person." But Lucesco is incorrect. It is clear that the New York legislature intended for the word "person" in NYCPLR § 211(a) to exclude sovereign nations, according to its common meaning. Such an interpretation comports with the general presumption, articulated by the New York Court of Appeals, that "[t]he word person does not, in its ordinary or legal signification, embrace a State or government." *In re Fox*, 52 N.Y. 530, 535 (1873), *aff'd sub nom. United States v. Fox*, 94 U.S. 315 (1876). To conclude otherwise, when interpreting NYCPLR § 211(a), would be to define "person" in such an expansive way as to render the remainder of the statute surplusage. *See Matter of Mestecky v. City of New York*, 30 N.Y3d 239, 243 ("We have recognized that meaning and effect should be given to every word of a statute and that an interpretation that renders words or clauses superfluous should be rejected." (internal quotation marks omitted)). Surely if a country is a person, so too is an American state or a corporation—an interpretation that obviates the need for NYCPLR § 211(a) to specifically name "the State of New York" and any "association or public or private corporation" as parties within its reach. But by including "person" alongside "New York" and "association or public or private corporation," the state legislature evinced its clear intent to define "person" more narrowly, and exclusively of the other categories. The fact that the legislature did not add "sovereign" or "nation" to its list of covered bond-issuers, when it clearly could have done so, further points towards a narrow definition. Therefore, since it is our job to give each term in NYCPLR § 211(a) its intended meaning, "person" should be read only to signify "natural person." Argentina is *not* a person.

Because we conclude that NYCPLR § 213 provides the relevant statute of limitations for the present action, we need not reach any other issue raised with respect to NYCPLR § 211(a).

II.     *Application of NYCPLR § 213*

We further conclude that Lucesco's claims were not timely commenced under NYCPLR § 213. Lucesco provides two alternative grounds on which to support the timeliness of its action: either its claims were timely because, despite NYCPLR § 213's limitations period having run, Argentina later acknowledged its debt to Lucesco and reopened the window during which an action could be commenced; or they were timely because Argentina's prohibitions on paying its debt delayed the accrual of Lucesco's cause of action and tolled the statute of limitations, which only began running again less than six-years ago, once those prohibitions were lifted.

A. *Acknowledgment under NYGOL § 17-101*

On the first ground, we conclude that Lucesco fails to establish that Argentina acknowledged its debt in accordance with NYGOL § 17-101. Under that statute: "An acknowledgment or promise contained in a writing signed by the party to be charged . . . take[s] an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules." The New York Court of Appeals has further clarified that "[t]he

3

writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it." *Lew Morris Demolition Co., Inc. v. Board of Ed. of City of New York*, 40 N.Y.2d 516, 521 (1976).

Lucesco alleges that Argentina made several signed "writings" that qualify under NYGOL § 17-101: five Argentinian statutes (Law 26,017; Law 26,547; Law 26,886; Law 26,984; and Law 27,249) and several of Argentina's Quarterly Reports. But none of these writings meet all of the requirements necessary for an acknowledgment to exist. The first four laws fail to meet such requirements because they each pertained to the debt swaps undertaken by Argentina, in which Argentina prohibited payment on debt not submitted to the swaps and so quite clearly did not act with an "intention . . . to pay" on non-submitted debt like Lucesco's. The fifth law was not an acknowledgment because it invited bondholders, like Lucesco, to settle their claims, and so quite clearly did not convey an "intention … to pay" the full amount due to them. *See Hakim v. Peckel Family Ltd. P'ship*, 280 A.D.2d 645 (N.Y.2d Dep't 2011) (reasoning that an offer to pay less than the full amount of a debt cannot qualify as acknowledgment under NYGOL § 17-101); *see also Petito v. Piffath*, 85 N.Y.2d 1, 7-8 (1994). Such invitations to settle, it should be said, must not be construed as acknowledgments, because to so construe them would be to make settlement all but impossible. Finally, the several Quarterly Reports did not constitute acknowledgments because New York courts have held that "[t]he mere fact that [a] debt was carried on the defendants' books and tax returns would not, in and of itself, constitute the required acknowledgment" to restart the statute of limitations. *Skiadas v. Terovolas*, 271 A.D.2d 521, 521 (2d Dep't 2000). Here, Argentina's publication of its financial reports—which do not reference Lucesco or specify the amount of debt owed to Lucesco—without more, is insufficient to acknowledge its debt to Lucesco.[1] Accordingly, NYGOL § 17-101 does not apply in this circumstance to take the present action out of the NYCPLR § 213 statute of limitations.

 *B. Tolling of the Statute of Limitations*

Turning to the second ground on which Lucesco argues its claims are still timely, we conclude that Lucesco's cause of action accrued when Argentina defaulted and that NYCPLR § 204(a) does not toll the statute of limitations in this case.

---

[1] Lucesco cites *Banco do Brasil v. State of Antigua & Barbuda*, 707 N.Y.S.2d 151 (1st Dep't 2000), and *Chase Manhattan Bank v. Polimeni*, 685 N.Y.S.2d 226 (1st Dep't 1999), as supporting the contrary position. But both cases are easily distinguishable. In *Banco do Brasil*, the document held to constitute an acknowledgment was a letter sent by the Antigua Ministry of Finance and signed by its financial secretary to the bank, which "confirm[ed]" the balances due and "clearly convey[ed] and [was] consistent with an intention to pay." 707 N.Y.S.2d at 152. Similarly, in *Chase Manhattan*, defendant sent financial statements directly to the plaintiff. 685 N.Y.S.2d at 226. These cases are thus a far cry from Argentina's simply posting its quarterly financial reports, referencing bonds on which it had long refused to pay, on a publicly available website.

Lucesco misunderstands the law on when a right to sue on a bond attaches. It is not whenever the defendant says that they can pay. It is when the plaintiff can first demand that the defendant pay—when the plaintiff's bond matures. *See Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 18 N.Y.3d 765, 771 (2012) ("To hold otherwise would allow [plaintiff] to extend the statute of limitations by simply failing to make a demand to pay."). Put another way, accrual occurs whether or not the defendant intends to pay (and often precisely because the defendant does not intend to pay). Here, Lucesco's bonds matured, at latest, by December 2005. It was then that the cause of action on the last bond accrued, meaning that it was then that the statute of limitations for the last bond began to run.

NYCPLR § 204(a) does not save Lucesco's claims. That statute provides that "[w]here the commencement of an action has been stayed by a court or by a statutory prohibition, the duration of the stay is not part of the time within which the action must be commenced." Contrary to Lucesco's argument, Argentina's laws never created a "statutory prohibition" preventing it from entering court to demand payment. "[T]here was no point . . . at which [Lucesco] was barred from commencing the present suit." *Day v. Moscow*, 955 F.2d 807, 814 (2d Cir. 1992). Given that Lucesco could have filed suit—but simply chose not to—a decision by this Court to extend the period during which Lucesco could file would be to "'compensate' for a disability that did not exist." *Id.*

Accordingly, neither a delay in accrual of the cause of action nor the application of NYCPLR § 204(a) prevented the statute of limitations from running, and ultimately barring Lucesco's claims.

## CONCLUSION

We have reviewed all of the arguments raised by Lucesco on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 10 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk