Yes I Can Servs., Inc. v New York City Dept. of Educ. (2024 NY Slip Op 51266(U))

[*1]

Yes I Can Servs., Inc. v New York City Dept. of Educ.

2024 NY Slip Op 51266(U)

Decided on September 11, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 11, 2024
Supreme Court, New York County

Yes I Can Services, Inc., Plaintiff,

against
New York City Department of Education and NEW YORK CITY BOARD OF EDUCATION, Defendants.

Index No. 653398/2022

Peters Brovner LLP, New York, NY (Lesley Brovner and Mark Peters of counsel), for plaintiff. 
Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, New York, NY (Scott Glotzer of counsel), for defendants.

Gerald Lebovits, J.

Plaintiff, Yes I Can Services, Inc. (YIC), brings this action against defendants, New York City Department of Education and New York City Board of Education (collectively, the DOE). Plaintiff raises causes of action for (i) quantum meruit, (ii) unjust enrichment, and (iii) account stated.
YIC is a private company that provides special-education services to New York City children through the DOE. YIC has alleged that although it submitted invoices to the DOE for services rendered for which YIC is eligible for payment, the DOE has not paid the invoices. Under Education Law § 3813, the DOE is required to process all invoices within three months of [*2]submission. If the DOE neglects or refuses for 30 days after the claim is presented to make an adjustment or payment, a claimant may initiate legal action. 
YIC brought this action in September 2022, asserting claims in quantum meruit and an account stated, seeking $24,726,082.76 (plus interest) in assertedly due-but-unpaid bills, and also "an additional amount to be determined at trial to cover invoices submitted post-July 1, 2022." (NYSCEF No. 1 at 10.) In September 2023, YIC brought the current motion, seeking summary judgment under CPLR 3212 on its account-stated claim, and asking this court to award $30,106,770.89 (plus interest). The motion is denied.
1. The DOE opposes YIC's motion on the ground that YIC's claims are time-barred. (See NYSCEF No. 51 at 14.) This argument is unpersuasive.
The parties hotly dispute when the statute of limitations began to run on YIC's claims for payment on the various invoices at issue (or whether it has begun to run at all). The court need not, and does not, resolve that question on this motion, however. The court agrees with plaintiff that representatives of the City, in pre-litigation communications with YIC, acknowledged that the City still owed YIC payments on various outstanding-but-unprocessed invoices and promised to pay YIC amounts to which YIC was entitled—thereby tolling the statute of limitations. (See Banco do Brasil S.A. v State of Antigua & Barbuda, 268 AD2d 75, 77 [1st Dept 2000] [discussing when partial payment of a debt will toll the statute of limitations].) It is immaterial that the acknowledgements on which YIC relies did not necessarily apply to the entire set of invoices on which YIC now seeks summary judgment. An acknowledgment of a debt for these purposes need not definitively resolve "the nature and quantum of the debt to be acknowledged"—it is sufficient that it "'recognize an existing debt . . . and contain nothing inconsistent with an intention on the part of the debtor to pay it.'" (Hawk Mountain LLC v Ram Capital Group LLC, 192 AD3d 447, 448 [1st Dept 2021], quoting Lew Morris Demolition Co. v Board of Educ. of City of NY, 40 NY2d 516, 521 [1976] [second emphasis and omission in the original].)
In short, the court is satisfied that YIC's account-stated claim is timely.[FN1]
The remaining question on this motion is whether YIC has shown as a matter of law that it is entitled to payment on the invoices underlying that claim. The court concludes that YIC has not done so.
2."An account stated exists where a party to a contract receives bills or invoices and does not protest within a reasonable time." (Bartning v Bartning, 16 AD3d 249, 250 [1st Dept 2005].) YIC contends that the City failed as a matter of law to object to YIC's invoices within a reasonable time, and therefore that YIC is entitled to collect from the City the full $30,106,770.89 (plus interest) that it claims on this motion. This court concludes that YIC has not established entitlement to summary judgment on the record before the court.
YIC relies on two sets of documents to support its claims: (i) more than a thousand invoices and transmission emails, supported by documentation supposedly showing YIC's right to payment on each invoice, appearing as Exhibits A through P to the affidavit of YIC's principal; and (ii) an accounts-receivable spreadsheet (Exhibit Q) that allegedly reflects unpaid amounts owed by the City as of June 2023 (three months before YIC brought this motion). (See NYSCEF Nos. 16-31 [invoices]; NYSCEF No. 32 [spreadsheet].)
This factual showing suffers from several shortcomings. It does not identify which of the invoices contained in Exhibits A-P were both unpaid and unobjected to for a sufficient period of time to give rise to an account-stated claim. The spreadsheet cannot supply the necessary information: On its face, the spreadsheet is organized by student, not by invoice; and it does not list which invoices were generated for each student (or the dates on which YIC provided services to a given student), if and when invoices were paid, or if and when the City raised objections to the invoices.
Additionally, the spreadsheet reflects that at least $12 million of the total $30,106.770.89 claimed was due but outstanding for 30 days or fewer as of the time the spreadsheet was generated in June 2023. (See NYSCEF No. 32 at 17.) Even assuming that the City neither paid nor objected to any of the invoices underlying that $12 million, plaintiff has not provided authority holding that a 30-day invoice-retention period would be long enough to make out an account-stated claim—particularly given the complexities involved in the City's review of each invoice. (See NYSCEF No. 38 at ¶¶ 8-13 [affidavit of Safna Kapoor] [discussing the review process].)
Moreover, given the time elapsed between the filing of the complaint in September 2022 and the generation of the summary-judgment spreadsheet in June 2023, it necessarily follows that the $12 million in less-than-30-days-old billing could not have been part of the $24 million in unpaid invoices claimed in plaintiff's September 2022 complaint. Indeed, going by the spreadsheet, only $11,878.591.81 of the total $30 million sought on this motion (comprising amounts outstanding for more than 120 days) could have been part of the initial $24 million claimed in the complaint. And on this record it is not clear to this court—and plaintiff's affidavits and memorandums of law do not satisfactorily clarify—what proportion of that $11,878.591 corresponds to invoices generated before plaintiff brought this action. On reply, plaintiff urges this court, in essence, to treat this motion as seeking to conform the pleadings to the proof under CPLR 3025 (c), to account for additional amounts owed by the City to YIC that accrued after filing of the complaint. (See NYSCEF No. 52 at 4 n 1.) Granting that relief would be one thing; wholly substituting post-commencement proof for the allegations of the complaint, quite another.
These problems are exacerbated by the fact that the City has provided evidence in opposing summary judgment that it raised objections to many entries on a pre-commencement version of the spreadsheet that YIC provided to the City (including that the City had already paid a given entry). (See NYSCEF No. 38 at ¶¶ 14-17; NYSCEF No. 46 [spreadsheet with objections/responses].) Plaintiff's motion papers leave it unclear which entries on the spreadsheet provided by the City also appear on the spreadsheet on which YIC relies on this motion.
In short, the record as it stands on this motion leaves the court unsure which amounts for which YIC now seeks summary judgment are based on (i) invoices generated before the filing of the complaint, if any; or (ii) unpaid invoices that the City received and retained without objection for a sufficiently long period of time to support an account-stated claim. No basis exists in these circumstances to grant YIC summary judgment on that claim.
Accordingly, it is
ORDERED that YIC's motion for partial summary judgment is denied without prejudice; and it is further
ORDERED that the parties appear before this court for a telephonic status conference on September 23, 2024.
DATE 9/11/2024

Footnotes

Footnote 1:For that reason, DOE's request in its memorandum of law that the court dismiss the complaint as to all claims accruing before September 16, 2021, is denied. (See NYSCEF No. 51 at 15.)